**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

| | |
|---|---|
| **JEREMY SPENCER,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 2:24-CV-00144-DLB-MAS |
| ) | |
| **OFFICER JACOB GANSHIRT,** *et al.*, ) | |
| ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff Jeremy Spencer ("Spencer") filed this *pro se* civil rights action on September 12, 2024, asserting claims under 42 U.S.C. § 1983 against Defendant Jacob Ganshirt, a deputy with the Boone County Sheriff's Department ("Ganshirt"). [DE 1]. Spencer alleges that on September 27, 2023, while driving in Boone County, Kentucky, he extended his middle finger toward Deputy Ganshirt. [DE 27, PageID# 103 ¶ 2]. In response, Ganshirt allegedly initiated a retaliatory traffic stop and cited Spencer for careless driving without probable cause or articulable suspicion of a traffic violation. [DE 27, PageID# 103 ¶¶ 6, 11–13].

Spencer alleges under 42 U.S.C. § 1983 that the stop and citation violated his rights under the First and Fourth Amendments. [DE 27, PageID# 107–08]. Now, Spencer moves for leave to amend his complaint again. [DE 47]. The proposed Second Amended Complaint [DE 47-1] retains the same two constitutional claims but seeks

to add the Boone County Sheriff's Department as a new defendant, asserting a claim under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978), and alleging that the constitutional violations were caused by the Department's official customs, policies, or practices. [DE 47-1, PageID# 178, 181]. Specifically, Spencer claims that the Department failed to train or supervise its deputies and tacitly condoned retaliatory traffic stops and unlawful seizures. [DE 47-1, PageID# 181].

Spencer's motion is governed by Federal Rule of Civil Procedure 15. Under Rule 15, a plaintiff can amend his complaint one time within 21 days of serving the original complaint or at any point before the defendant answers the complaint. FED. R. CIV. P. 15(a)(1). Rule 15 further provides that even if the party does not seek the amendment within the of-right period, the court may give leave to permit such an amendment and should "freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

The United States Supreme Court has read Federal Rule 15 broadly and the Sixth Circuit has recognized that "where the underlying facts would support, a motion for leave to amend should be granted, except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake*, Inc., 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). "This practice 'reinforce[s] the principle that cases should be tried on their merits rather than the technicalities of pleadings.'" *Mueller v. Facilityone Techs.*, LLC, Civil Action No. 3:21-cv-759-DJH-CHL, 2023 U.S. Dist. LEXIS 76740, at *6 (W.D. Ky. Mar.

21, 2023) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (internal citation omitted)).

Because Ganshirt does not oppose the motion,[1] there is no assertion of undue delay, prejudice, or bad faith—and none is apparent from the record. The proposed amendment arises from the same operative facts, the legal theories remain largely unchanged, and this case is still in its early stages. *See Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (noting that delay alone is insufficient to deny leave to amend without prejudice).

Nevertheless, leave to amend may be denied where the amendment would be futile. *See L.H. v. Red Roof Inn, Inc.*, No. 3:22-CV-625-CHB-RSE, 2025 WL 714385, at *18 (W.D. Ky. Mar. 5, 2025) (citing *Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("This Court does not read [Sixth Circuit case law] as requiring the Court to determine futility before it grants a motion to amend the complaint, but rather as stating that futility is a permissible basis for denying a motion to amend.")). And a proposed amendment is futile if it would not survive a motion under Rule 12(b)(6). *Doe v. Mich. State Univ.*, 989 F.3d 418, 424–25 (6th Cir. 2021) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015); *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 671 (6th Cir. 2003).

---

[1] The motion was filed on June 13, 2025 and, under the Local Rules, Ganshirt's response should have been no later than July 7, 2025. LR 7.1(c). Twenty-one days after June 13, 2025 is July 4, 2025. Because July 4, 2025, is a legal holiday under Rule 6(a)(6)(A), the 21-day deadline extends to Monday, July 7, 2025. FED. R. CIV. P. 6(a)(1)(C).

Here, the Court concludes that Spencer's proposed *Monell* claim against the Boone County Sheriff's Department is futile because the Department is not a legal entity capable of being sued under § 1983. In the Sixth Circuit, "police departments are 'merely sub-units of the municipalities they serve' and therefore are not proper § 1983 defendants." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005) (quoting *Jones v. Marcum*, 197 F.Supp.2d 991, 997 (S.D. Ohio 2002)). This Court has repeatedly rejected attempts by plaintiffs to assert § 1983 claims against such entities. *Lowe v. Kentucky Ct. of Just.*, No. 2: 14-168-KKC, 2015 WL 1526106, at *3 (E.D. Ky. Apr. 2, 2015) (noting that "[t]he [Boone County Sheriff's Department] and the county jail are simply operating divisions of Boone County itself, not independent legal entities") (citing *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.")); *see French v. Hester*, 585 F. Supp. 3d 974, 981 (E.D. Ky. 2022) (noting that "[plaintiff] could not sue the Lexington Police Department because it is not a legal entity capable of being sued"). As such, the Boone County Sheriff's Department is not a legal entity against which a *Monell* claim can be brought, making the claim futile.

In sum, when a plaintiff seeks to assert a *Monell* claim, the proper defendant is the municipality itself—not an "operative division" of that municipality. *Lowe*, 2015 WL 1526106, at *3. Accordingly, because the Boone County Sheriff's Department is not a legal entity capable of being sued under § 1983, Spencer's

proposed amendment is futile. Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Spencer's Motion for Leave to Amend [DE 47]. Complaint be **DENIED**.

Furthermore, in light of this recommendation, **IT IS ORDERED** that Spencer's Motion for Ruling [DE 51] be **DENIED AS MOOT**.

*Right to Object*

The Court issues this Recommended Disposition under Federal Rule of Civil Procedure 72(b)(1) and 28 U.S.C. § 636(b)(1)(B). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make timely objections consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466, 468 (1985).

Signed this the 11th of July, 2025.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY