UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| JEREMY SPENCER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | NO. 2:24-CV-00144-DLB-MAS |
| ) | |
| OFFICER JACOB GANSHIRT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Jeremy Spencer ("Spencer") filed this *pro se* civil rights action on September 12, 2024, asserting claims under 42 U.S.C. § 1983 against Defendant Jacob Ganshirt, a deputy with the Boone County Sheriff's Department ("Ganshirt"). [DE 1]. The Court has previously set forth the full factual background and legal framework in an opinion addressing Spencer's last attempt at amending his complaint. [DE 54].

In short, Spencer alleges that he was the subject of a retaliatory traffic stop. Under 42 U.S.C. § 1983, the stop and subsequent citation violated his rights under the First and Fourth Amendments. [DE 27, PageID# 107–08]. Spencer previously moved for leave to amend his complaint, seeking to add the Boone County Sheriff's Department as a defendant under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). [DE 47]. This motion was denied. [DE 62]. Now, Spencer moves

for leave to amend his complaint again. [DE 60]. The proposed second amended complaint [DE 60-1] retains the same two constitutional claims but seeks to add Boone County Sheriff, Colonel Les K. Hill in his official capacity and Boone County as new defendants, asserting a claim under *Monell*, and alleging that the constitutional violations were caused by the County's official customs, policies, or practices. [DE 60-1, PageID# 225, 228–29, 230].

Spencer's motion is governed by Federal Rule of Civil Procedure 15, which allows amendments beyond the initial of-right period "when justice so requires." FED. R. CIV. P. 15(a)(1). In the Sixth Circuit, a motion for leave to amend is "granted except in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak'n Shake*, Inc., 195 F.3d 828 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178 (1962)). In the instant case, there is no evidence of undue delay, prejudice, or bad faith.[1]

Nevertheless, leave to amend may be denied where the amendment would be futile. *See L.H. v. Red Roof Inn, Inc.*, No. 3:22-CV-625-CHB-RSE, 2025 WL 714385, at *18 (W.D. Ky. Mar. 5, 2025) (citing *Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("This Court does not read [Sixth Circuit case law] as requiring the Court to determine futility before it grants a motion to amend

---

[1] The motion was filed on July 30, 2025, and, under the Local Rules, Ganshirt's response should have been no later than August 20, 2025. LR 7.1(c). The Court did not receive a response in opposition to the motion.

the complaint, but rather as stating that futility is a permissible basis for denying a motion to amend.")).

And a proposed amendment is futile if it would not survive a motion under Rule 12(b)(6). *Doe v. Mich. State Univ.*, 989 F.3d 418, 424–25 (6th Cir. 2021) (citing *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015); *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 671 (6th Cir. 2003). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Gardner v. Quicken Loans, Inc.*, 567 F. App'x 362, 364 (6th Cir. 2014). In assessing a motion to dismiss under Rule 12(b)(6), the "court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face.'" *Id.* (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012)). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). To survive this standard of review, a plaintiff must provide more than the bare assertion of legal conclusions. *Helton v. Dixon*, No. 05-CV-377-KKC, 2006 U.S. Dist. LEXIS 11791, at *18–19 (E.D. Ky. Mar. 21, 2006).

In his proposed amended complaint, Spencer asserts claims against Sheriff Hill in his official capacity only. [DE 60-1, PageID# 224]. Because "individuals sued in their official capacities stand in the shoes of the entity they represent," this is the

equivalent of suing Boone County, his employer. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)); *see also Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (construing an action against the McCracken County Jailer, in his official capacity only, as "brought against the governmental entity that employs that individual, in [that] case, McCracken County."). Accordingly, although different in name, the claims against Sheriff Hill, in his official capacity, and Boone County will both be construed as *Monell* claims against Boone County.

This time, Spencer has correctly identified Boone County as the legal entity capable of being sued under *Monell*; however, to allege a sufficient § 1983 claim against a local government, the plaintiff must "prove that the injury about which [he] complains was caused by an unconstitutional government policy or custom." *Lambert*, 517 F.3d at 439 (citing *Monell*, 436 U.S. at 694). Municipalities cannot be held liable for the actions of their employees under § 1983 on the theory of *respondeat superior*. *Watson*, 40 F. App'x at 89 (citing *Monell*, 436 U.S. at 691). As such, Spencer must make a showing of an illegal policy or custom by alleging any of the following: "(1) the municipality's legislative enactments or official agency polices; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694).

In the instant case, Spencer seeks to add claims based on the latter three avenues, contending that Boone County "fail[ed] to adequately train or supervise deputies in the lawful limits of police authority," demonstrated "deliberate indifference to officer misconduct and retaliatory enforcement," "permitted a culture or custom in which officers could use their authority to punish expressive conduct," and that the "Sheriff acted as the final policymaker with respect to law enforcement operations." [DE 60-1, PageID# 228–30]. However, these bare assertions are insufficient to survive a Rule 12(b)(6) motion to dismiss, and, thus, are futile.

When a *Monell* claim is based on a theory of inaction, or failure train or supervise employees, the plaintiff must allege: "(1) the existence of a clear and persistent pattern of [illegal activity]; (2) notice or constructive notice on the part of the [defendant]; (3) the [defendant's] tacit approval of the unconstitutional conduct, such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction; and (4) that the [defendant's] custom was the "moving force" or "direct causal link in the constitutional deprivation." *Thomas*, 398 F.3d at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)). Further, for such a claim to survive a motion to dismiss, a plaintiff "must do more than vaguely allege that police officers are not adequately trained." *Warren v. Lexington-Fayette Urb. Cnty. Gov't*, No. 5:16-CV-140-DCR, 2016 U.S. Dist. LEXIS 113598, at *3 (E.D. Ky. Aug. 25, 2016). For example, failing to refer to a specific policy but relying on conclusory statements alleging "deliberate[] indifferen[ce]" to the defendant's duty to train is insufficient. *French v. Hester*, 585 F. Supp. 3d 974, 986 (E.D. Ky. 2022) appeal

dismissed, No. 22-5210, 2022 U.S. App. LEXIS 26188 (6th Cir. Aug. 16, 2022) (collecting cases); *see also Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010) (alleging that the defendant "failed to adequately train its officers in stopping vehicles and/or ordering passengers out of those vehicles in disregard of their disabilities or injuries" without further support will not satisfy *Iqbal* pleading requirements).

Here, Spencer has not identified any specific policy or custom but has merely based his claim on a bare, conclusory statement. Rather than identifying a pattern of unconstitutional conduct, Spencer focuses solely on Boone County's conduct with respect to his own rights. In fact, Spencer fails to set forth *any* facts indicating that there were prior instances of similar misconduct tending to show that Boone County was on notice of its alleged deficiencies in training and supervision. Thus, as it stands, Spencer's proposed amended complaint fails to allege the facts necessary to even meet the first element of a *Monell* claim on an inaction theory.

Like a failure to train claim, to be successful on a custom-of-tolerance claim the plaintiff must allege that "there was a pattern of inadequately investigating similar claims." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas*, 398 F.3d at 433). However, Spencer does not point to a pattern, or even a single prior instance, where Boone County failed to investigate similar claims, again failing to allege the facts necessary for a *Monell* claim on the custom-of-tolerance theory.

Where a plaintiff alleges that the actor was a policymaker with final policymaking authority, he need not establish a pattern of past misconduct but may

rely on a single-act theory. *Burgess*, 735 F.3d at 479 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481–84 (1986)). Nonetheless, under § 1983, municipal liability will only attach where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur*, 475 U.S. at 483. Examples of such decisions include the policymaker ordering deputies to enter a medical clinic in violation of the Fourth Amendment, *Pembaur*, 475 U.S. at 485, and the policymaker directing the destruction of material evidence, *Moldowan v. City of Warren*, 578 F.3d 351, 394 (6th Cir. 2009). Additionally, the plaintiff must show that the policymaker's decision was the "moving force behind . . . the plaintiff's harm." *Burgess*, 735 F.3d at 479. However, where the plaintiff fails to allege that the final decision maker explicitly decided on or ordered adherence to a selected course of action, his claim must fail. *See Burgess*, 735 F.3d at 479 (affirming the dismissal of a case where the plaintiff failed to identify a specific decision made by the policymaker, failed to assert that "a course of action selected by [the policymaker] was the moving force behind [plaintiff's] injury" and failed to establish that the policymaker's after-the-fact approval of a potentially unconstitutional investigation was similarly insufficient to establish a *Monell* claim).

In this case, Spencer's proposed amended complaint alleges that Sheriff Hill "acted as the final policymaker for Boone County with respect to law enforcement operations" and Sheriff Hill was "responsible for the training, oversight, and conduct of all deputies within the Boone County Sheriff's Office." [DE 60-1, PageID# 228]

But, Spencer fails to allege that Sheriff Hill made any cognizable decision among various alternatives. As such, Spencer fails to plead the necessary elements of a § 1983 claim via *Monell*'s single-act theory. Consequently, Spencer's proposed amended complaint fails to allege sufficient facts to support the necessary elements of any of the available avenues of *Monell*; therefore, it fails to state a § 1983 claim that is plausible on its face under *Twombly* and *Iqbal*. As such, the Court concludes that Spencer's proposed *Monell* claim would not survive a Rule 12(b)(6) motion to dismiss, making the amendment futile.

In sum, when a plaintiff seeks to assert a *Monell* claim, he must assert a claim using the single-act theory or specifically allege that the injury he complains of occurred because of an unconstitutional municipal policy or custom. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (citing *Monell*, 436 U.S. at 694). Accordingly, because Spencer fails to plead sufficient facts to support a *Monell* claim against Boone County under § 1983, Spencer's proposed amendment is futile. Having fully considered the matter, and the Court being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Spencer's Motion for Leave to Amend Complaint [DE 60] be **DENIED**.

*Right to Object*

The Court issues this Recommended Disposition under Federal Rule of Civil Procedure 72(b)(1) and 28 U.S.C. § 636(b)(1)(B). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by

the District Court. Failure to make timely objections consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn,* 106 S. Ct. 466, 468 (1985).

Signed this the 28th of August, 2025.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY