**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00144-DLB**

**JEREMY SPENCER**                                              **PLAINTIFF**

**v.**

**JACOB GANSHIRT**                                              **DEFENDANTS**

---

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**
*(Filed Electronically)*

---

The Defendant, Jacob Ganshirt, in his individual capacity ("Ganshirt"), by and through counsel, respectfully submits this Response to Plaintiff Jeremy Spencer's Motion to Compel ("Spencer"). (R. 69)

**I.      STATEMENT OF FACTS**

Spencer filed a *pro se* lawsuit under 42 U.S.C. § 1983, asserting claims of First Amendment Retaliation and Fourth Amendment Unreasonable Seizure against Ganshirt. Spencer contends that Ganshirt unlawfully initiated a traffic stop and issued a reckless driving citation in retaliation for Spencer giving him the middle finger while passing.

Jeremy Spencer served Ganshirt with his First Set of Discovery Requests, including Interrogatories and Requests for Production of Documents, on June 3, 2025. (R. 45, 46) On July 14, 2025, Ganshirt served his first set of answers and objections. (Ex. 1) On July 28, 2025, Spencer served Ganshirt with a Second Set of Discovery Requests. On August 12, 2025, Ganshirt served his second set of answers and objections. (Ex. 2) Finally, on August 15, 2025, Spencer served Ganshirt with a Third Set of Discovery Requests. And, on Aug 27, 2025, Ganshirt served his third set of answers and objections. (Ex. 3)

1

On August 29, 2025, Spencer emailed Defense counsel's paralegal with a letter identifying concerns with Ganshirt's discovery responses. (Ex. 4) In it, Spencer identified four allegedly insufficient responses (Interr. 6 from the Second Set, and Interr. 3, 4, and 5 from the Third Set) and expressed the general concern that references to "the citation" or "the body-worn camera footage" were insufficient. (*Id.*) Spencer provided Ganshirt ten days to revise and supplement the identified responses. (*Id.*)

While Defense counsel reviewed Spencer's letter, they also moved forward with scheduling Spencer's deposition for October 3, 2025.

On September 11, 2025, Spencer filed the instant Motion to Compel.

## II.    SPENCER'S MOTION TO COMPEL SHOULD BE DENIED BECAUSE HE HAS NOT ATTEMPTED TO CONFER WITH DEFENDANTS IN GOOD FAITH TO RESOLVE THIS DISPUTE EXTRAJUDICIALLY

While the Federal Rules of Civil Procedure grant trial courts authority to oversee discovery disputes that arise between parties, they envision that parties collaborate in the discovery process. *See* Fed. R. Civ. Pro. 26, 37(a)(1) (requiring movant to certify that he or she "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). This Court's Local Rules explicitly require such collaboration, by mandating that parties must make "a good faith effort" to resolve their discovery disputes extrajudicially. Local Rule 37.1.  In fact, the rule requires the party to prove that such attempts at resolution have been made when a motion to compel is filed:

> The Court will not entertain discovery motions unless counsel have conferred -- or attempted to confer -- with other affected parties in an effort to resolve their dispute. The moving party must attach to every discovery motion a certification that counsel have conferred and are unable to resolve their differences. The certification must detail counsel's attempts to resolve the dispute.

*Id.*

Here, Spencer did not make the required effort. On August 29, 2025, Spencer sent a single email to Ganshirt's counsel's paralegal, identifying four responses he claimed were insufficient and demanding supplementation within ten days. While Ganshirt's counsel was in the process of reviewing that letter, Spencer filed the present Motion to Compel, the very day his own self-imposed deadline expired. To be sure, defense counsel had not yet responded when the motion was filed, but throughout this litigation Ganshirt has been timely and responsive – serving three separate sets of answers and objections to Plaintiff's discovery requests, each within the time allowed by the Rules.

Against that backdrop, one unanswered email followed by a motion does not satisfy the good-faith conferral requirement of Rule 37 or Local Rule 37.1. Spencer's failure to meaningfully confer before seeking judicial intervention provides an independent basis for denying the Motion to Compel.

## III.    SPENCER'S SPECIFIC COMPLAINTS ABOUT INTERROGATORIES 6 (SECOND SET) AND 3 – 5 (THIRD SET) LACK MERIT

First, Spencer identified four interrogatories in his original letter to Defense counsel, which is the presumed basis for his Motion to Compel: Interrogatory No. 6 from the Second Set, and Interrogatories Nos. 3, 4, and 5 from the Third Set. Each was properly answered, and in some cases Spencer is simply demanding duplicative information already provided. Further, as the challenger, Spencer "bears the initial burden of proving that the information sought is relevant." *Arc Res. Mgmt., Inc. v. Civil, LLC*, No. 7:20-CV-00027-DLB-EBA, 2024 U.S. Dist. LEXIS 216705, at *7 (E.D. Ky. July 30, 2024) (quoting *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015)); *see also* Fed. R. Civ. P. 26(b)(1), Advisory Committee's Note to 2015 Amendment ("A party claiming that a request is important to resolve the issues

should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). Spencer has failed to meet his burden.

**Second Set, Interrogatory No. 6**

Spencer argues that the "nuance" of this interrogatory is a demand for sequencing and spatial detail. But that information has already been provided. Ganshirt's Answer to Interrogatory No. 1 in the Second Set described his location, direction of travel, and activity when he first observed Spencer, and in No. 2 and 6 of the Second Set described the direction of travel again and when he turned on his emergency lights. Ganshirt also produced and referenced his Uniform Citation and body-worn camera, which memorialize the timing, location, and sequence of events.

To require Ganshirt to repeat this same information yet again, phrased in slightly different terms, is exactly the kind of cumulative and duplicative discovery the Rules prohibit. Fed. R. Civ. P. 26(b)(2)(C)(i). The existing responses already supply the details relevant to Spencer's claims: whether there was an objective basis for the stop (Fourth Amendment) and whether the decision was influenced by retaliatory motive (First Amendment). Forcing Ganshirt to rewrite the same answer in a new narrative adds nothing and is unfairly duplicative and burdensome. *See also Tolan v. Stone*, No. 3:03cv268, 2005 U.S. Dist. LEXIS 59793, at *6 (S.D. Ohio July 15, 2005) ("[I]t would be unreasonably cumulative or duplicative to require the Defendant to answer … if Plaintiffs have asked Stone for such information during his deposition or if they plan to depose him.").

**Third Set, Interrogatory No. 3**

This interrogatory asked Ganshirt to identify the precise time and location of any U-turn or change of direction. Ganshirt responded that he did not know the exact time, but

referred Spencer to the Uniform Citation for an approximate timeframe. The citation already fixes the violation at 9:19 a.m. That is the contemporaneous record and the best evidence of timing. Forcing Ganshirt to provide further "exact" sequencing beyond what is already documented would be duplicative – especially when Ganshirt has responded that he is not aware of the exact timing. Moreover, the precise minute of a U-turn is not material to the First Amendment retaliation claim, and the 9:19 a.m. timestamp already supplies the reference point necessary for the seizure analysis.

**Third Set, Interrogatory No. 4**

This interrogatory asked what specific conduct by Spencer prompted Ganshirt to perform the maneuver described in Interrogatory No. 3. Ganshirt objected that the request was duplicative, but nonetheless incorporated his prior responses, including the Uniform Citation. Those materials already identify the observed conduct – Spencer's vehicle weaving and contacting the fog line – that formed the basis of the stop. That observation is the crux of the Fourth Amendment seizure and First Amendment retaliation analysis: whether there was an objective basis for the stop. Forcing Ganshirt to restate the same facts in different words would be cumulative and unnecessary.

**Third Set, Interrogatory No. 5**

This interrogatory asked Ganshirt to identify every instance of "erratic driving" by Spencer other than veering over the fog line. Ganshirt objected as duplicative but nonetheless answered: Spencer's vehicle was observed several times driving on or over the fog line into the emergency lane. That conduct is exactly what was documented in the Uniform Citation, which lays out the basis for the stop and the charge of careless driving. Spencer may wish for different wording, but Ganshirt has already provided a substantive

narrative, and the contemporaneous citation records the conduct in detail. Compelling further responses would be cumulative and unnecessary.

**Spencer's General Objections**

Spencer's Section II takes issue with Ganshirt's responses as "evasive," "boilerplate," or "contradictory," but those characterizations do not hold up under the Federal Rules or the record. First, Ganshirt has consistently provided timely, good-faith responses to each of Spencer's multiple sets of interrogatories and requests for production, including citations to the Uniform Citation, the body-worn camera, and sworn narrative descriptions. While Spencer contends that references to the citation or video are "improper," Rule 33(d) expressly permits a responding party to reference business records where the burden of deriving the answer is substantially the same for both parties.

Second, Spencer's insistence on "nuance" through sequencing or directional detail is, in substance, a request for the same information already provided. Ganshirt's responses explained his observations, his location, his rationale for the stop, and his subsequent investigation. Spencer may prefer the information in a different format, but Rule 26 does not entitle a party to repeated restatements of the same facts in varied linguistic packaging.

Finally, Spencer's objections ignore that Ganshirt has already gone beyond mere references to other documents and has described the context of his observations, his assessment of Spencer's driving, and the absence of indicia of impairment following the stop. These answers are responsive, proportional, and directly tied to the claims of unreasonable seizure and retaliation.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant, Jacob Ganshirt, respectfully requests that this Court deny Spencer's Motion to Compel Discovery.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
Casmir Thornberry, Esq. (#103324)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY  41011
p: 859.394.6200 | f: 859.392.7200
jmando@adamsattorneys.com
cthornberry@adamsattorneys.com

*Attorneys for Defendants, Brandon Jones, Nathan Conley and Wesley Coldiron, in their respective individual capacities*

## CERTIFICATE OF SERVICE

This is to certify that on the **1st** day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:  Jeremy Spencer.

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.