| | |
|---|---|
| **From:** | jackoneil2121@yahoo.com |
| **To:** | Christy Walkley |
| **Subject:** | Re: Spencer v. Ganshirt [IMAN-DMS.FID2000385] |
| **Date:** | Friday, August 29, 2025 12:34:35 PM |
| **Attachments:** | image001.jpg |
| | 25-8-29 Confir Ganshirt Discovery.docx |

Mr Mando,

There are a few things needing addressed with discovery i've attached a letter

 Jeremy
 Spencer
jackoneil2121@yahoo.com
330-396-3566

On Wednesday, August 27, 2025 at 07:53:55 AM GMT-8, Christy Walkley <cwalkley@adamsattorneys.com> wrote:

Good morning, Mr. Spencer. Attached please find Defendant's Objections and Answers to Plaintiff's Third Set of Interrogatories and Defendant's Objections and Responses to Plaintiff's First Set of Requests for Admissions. If you should have any questions, please do not hesitate to contact our office.



ADAMSATTORNEYS.COM

Christy L. Walkley
Certified KY Paralegal
p: 859.394.6250
cwalkley@adamsattorneys.com

*Serving Legal Needs for Over 125 Years*

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTREN DISTRICT OF KENTUCKY
COVINGTON DIVISION

| | | |
|---|---|---|
| **Jeremy Spencer** ) | | |
| **Plaintiff,** ) | **CASE:** | **2:24-cv-00144-DLB** |
| ) | | |
| v. ) | | |
| ) | | |
| **Jacob Ganshirt** ) | | |
| **Defendant** ) | | |

## CONFER WITH DEFENDANT ON DISCOVERY ISSUES

### Introduction

1. This correspondence is provided in good faith pursuant to FRCP 37(a)(1) and applicable Local Rules, to address deficiencies in Defendant's discovery responses and to give Defendant an opportunity to revise answers before Plaintiff files a motion to compel. Plaintiff requests that Defendant supplement the interrogatory responses consistent with the Federal Rules of Civil Procedure, as detailed below.

### Specific Instructions

2. **When identifying location**, specify north/south/east/west of the closest intersection and provide the estimated distance in yards or miles from the stated intersection. If the event occurred exactly at the intersection, please state so.

3. With respect to the phrase "**Relative to your first observation of Plaintiff**", this phrase **indicates the precise moment you first identified Plaintiff vehicle, and shall be considered the start of events**. This reference point is to be used as the basis for sequencing the time and location of subsequent events. The stopping of Plaintiff's automobile may also be used as a fixed reference point, with the Citation indicating a time of 9:19 a.m.

4. When **identifying "Time," it refers to the sequence of events in chronological order relative to the defined reference points, rather than to clock time in hours or minutes.** Each instance should be identified as occurring "before," "after," or "at the same time as" another described event, using (1) the initial observation of Plaintiff and (2) the moment of the traffic stop as temporal anchors.

**Interrogatory No. 6 (Second Set)**

Defendant's Claim: Duplicative of prior interrogatories about reasons for the stop.

**Why It's Not Duplicative**:

5. This interrogatory asked for specific factual observations with time and location references that supported reasonable suspicion or probable cause. Earlier interrogatories only asked generally for the "reasons for the stop." The nuance here is the demand for sequencing and spatial detail (north/south/east/west, distance from intersections), which was never requested before. This seeks precision, not a restatement.

**Interrogatory No. 3 (Third Set**)

Defendant's Claim: Essentially answered by citation, duplicative.

6. **Why It's Not Duplicative**:
7. The citation mentions only that Plaintiff touched the fog line, but it does not state the exact location or time of the U-turn maneuver. This interrogatory specifically required Defendant to identify the precise location and sequence of his change in direction, which is distinct. Asking for when and where the U-turn occurred cannot be satisfied by referencing the citation.

8. Rule Violation: Under FRCP 33(b)(3), answers must be complete and responsive. Saying "see citation" is nonresponsive. A citation is not a substitute for the narrative answer required by the Rules.

**Interrogatory No. 4 (Third Set**)

Defendant's Claim: Duplicative of prior requests about observations.

**Why It's Not Duplicative**:

9. Earlier questions asked for all observed conduct that justified the stop. This interrogatory narrowly focused on the specific conduct that prompted the U-turn maneuver itself. That is a different factual focus: it isolates the justification for the officer's decision to change direction, rather than the overall justification for the stop. This nuance makes it non-duplicative.

10. Rule Violation: Simply objecting and refusing to answer deprives Plaintiff of specific information required under FRCP 33(b)(3) and (b)(4). Objections must be specific, and partial answers must still be provided.

**Interrogatory No. 5 (Third Set**)

Defendant's Claim: Duplicative of prior interrogatories about observations.

**Why It's Not Duplicative**:

11. Prior interrogatories asked about all observations. This one asked specifically for erratic driving conduct other than the fog line deviation. That exclusionary phrasing ("other than") means it seeks information that is not redundant—it demands whether any additional conduct beyond the fog line was observed. The nuance is in the narrowing: isolating separate, independent justifications if any exist.

12. Rule Violation: Defendant referred vaguely to "several times driving on or over the fog line." This is not aligned with FRCP 33(b)(3) because it does not identify precise moments, sequence, or location as instructed. Vague repetition of citation language is not sufficient.

## Other Inadequate Responses

13. **Reference to Bodycam**: Defendant repeatedly stated "refer to bodycam." Under FRCP 33(d), a responding party may only refer to business records if answering the question would be equally burdensome for either side. A bodycam video is not a "business record" under Rule 33(d). Defendant must provide a written narrative description.

14. **Reference to Citation**: As noted above, saying "see citation" is nonresponsive under FRCP 33(b)(3). Citations are conclusory and do not contain the factual detail required to answer interrogatories.

## Additional Rules and Issues

15. **FRCP 26(b)(1**): Discovery must be relevant and proportional. Plaintiff's interrogatories are narrowly tailored to the claims and defenses. Defendant's objections of irrelevance or burden are unsupported. (See Interrogatory No. 6, Second Set; Interrogatories Nos. 3–5, Third Set.)

16. **FRCP 37(a)(4**): An evasive or incomplete answer is to be treated as a failure to answer. Defendant's repeated reliance on "see citation" or "see bodycam" is evasive and incomplete under this rule. (See Interrogatory Nos. 1–3, Third Set.)

17. **FRCP 26(e):** Duty to Supplement. Defendant has a continuing duty to correct or supplement responses if they learn they are incomplete or incorrect. Shifting accounts of direction of travel (earlier discovery vs. later discovery) and number of fog line contacts (two in citation

vs. "several times" in responses) must be supplemented. (See Interrogatory Nos. 1–2, Third Set.)

18. **Boilerplate Objections**: General objections such as "compound," "duplicative," or "burdensome" without specificity are improper under the Rules. Sixth Circuit courts regularly treat such objections as waived. (See Interrogatory Nos. 4–5, Third Set.)

<u>Conclusion</u>

19. Defendant's responses reflect a pattern of incomplete answers, improper references to citations or video evidence, and boilerplate objections. These are inconsistent with the Federal Rules of Civil Procedure, including FRCP 26(b)(1), 26(e), 33(b)(3)–(4), 33(d), 34(b)(2), 36(a)(4), and 37(a)(4). **Plaintiff requests that Defendant revise and supplement the identified responses in full compliance with these rules within 10 days of this correspondence**. If Defendant fails to do so, Plaintiff will have no choice but to seek relief through a motion to compel under Rule 37 and will request that the Court deem evasive answers as failures to answer, waive unsupported objections, and award appropriate costs and sanctions.

Regards:

_____Date:_____
Jeremy Spencer (without Prejudice or recourse)
(Plaintiff)
Jackoneil2121@yahoo.com
330-396-3566
C/O [1891Grovepoint Dr.]
[Florance Ky, 41042]