**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-144-DLB-MAS**

**JEREMY SPENCER**                                              **PLAINTIFF**

**v.**                     **MEMORANDUM ORDER**
                **ADOPTING REPORT AND RECOMMENDATION**

**OFFICER JACOB GANSHIRT**                              **DEFENDANT**

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon the August 28, 2025 Report and Recommendation ("R&R") of United States Magistrate Judge Matthew A. Stinnett (Doc. # 66), wherein he recommends that the Court deny *pro se* Plaintiff Jeremy Spencer's Motion for Leave to Amend Complaint. (Doc. # 60). Plaintiff has filed written Objections to the R&R. (Doc. # 68). Defendant did not file a response and the time to do so has passed. Accordingly, the R&R is now ripe for the Court's review. For the following reasons, Plaintiff's objections are **overruled**, the R&R is **adopted**, and Plaintiff's Motion for Leave to Amend Complaint (Doc. # 60) is **denied.**

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

This case concerns a traffic ticket issued to Plaintiff in September 2023 by Officer Jacob Ganshirt of the Boone County Sheriff's Department. (Doc. # 7 at 3). Spencer alleges that Officer Ganshirt chose to issue the citation in retaliation against Spencer for giving him "the finger" minutes earlier. (*See Id.*).

On September 12, 2024, Plaintiff filed this action naming as defendants Judge Jeffrey Smith, Jacob Ganshirt, and the unnamed Boone County prosecutor who brought

1

the charge. (Doc. #1 at 3). On October 4, 2024, the Court dismissed Plaintiff's claims against Judge Jeffrey Smith and the unnamed Boone County prosecutor on grounds of absolute judicial immunity. (Doc. # 10 at 1). Additionally, the Court stayed any further proceedings in the matter until the state criminal charges connected to the traffic citation were resolved. (*Id.* at 3). The Court vacated the stay on March 6, 2025 and Defendant Ganshirt filed his Answer on March 26, 2025. (Docs. # 17 and 20). Plaintiff filed his Amended Complaint on April 2, 2025, bringing two claims against Ganshirt for violations of 42 U.S.C. § 1983—one for violation of Plaintiff's First Amendment rights and one for violation of his Fourth Amendment rights. (Doc. # 27). Plaintiff moved for leave to amend his Amended Complaint on June 13, 2025 and Defendant did not file a response in opposition. (Doc. # 47).

In his Motion for Leave to Amend (Doc. # 47), Plaintiff sought to add the Boone County Sheriff's Department as a defendant and assert a § 1983 claim against it. (*Id.*). Magistrate Judge Stinnett issued a Report and Recommendation that Plaintiff's Motion for Leave to Amend be denied on grounds of futility, as the Boone County Sheriff's Department is not a legal entity capable of being sued under § 1983. (Doc. # 54 at 4). The Court adopted this Report and Recommendation on July 30, 2025. (Doc. # 62). That same day, Plaintiff filed his Second Motion for Leave to Amend Complaint—this time seeking to add a § 1983 claim against Boone County and Boone County Sheriff, Col. Les K. Hill in his official capacity. (Doc. # 60-1 at 1).

Magistrate Judge Stinnett issued the instant R&R on August 28, 2025, and Plaintiff filed his Objections on September 11, 2025. (Doc. # 68). Defendant did not file a response to the objections.

2

## II.     REPORT AND RECOMMENDATION

In the R&R, Judge Stinnett observed that Plaintiff's Second Motion for Leave to Amend is governed by Rule 15, which permits amendments to the pleadings beyond the initial period of right "when justice so requires." (Doc. # 66 at 2 (quoting Fed. R. Civ. P. 15 (a)(1))). Judge Stinnett noted that leave to amend "may be denied where the amendment would be futile." (*Id.* at 2 (citation omitted)). Further, Judge Stinnett reasoned that "a proposed amendment is futile if it would not survive a motion under Rule 12(b)(6)." (*Id.* at 3 (citing *Doe v. Mich. State Univ.*, 989 F.3d 418, 424-25 (6th Cir. 2021) (citation omitted) and *Miller v. Champion Enters. Inc.*, 346 F.3d 660, 671 (6th Cir. 2003))). To survive such a motion, Judge Stinnett observed, a "court construes the complaint in the light most favorable to the plaintiff, accepts the plaintiff's factual allegations as true, and determines whether the complaint 'contain[s] sufficient factual matter, accepted as true to state a claim for relief that is plausible on its face.'" (*Id.* (quoting *Gardner v. Quicken Loans, Inc.*, 567 F. App'x. 362, 364 (6th Cir. 2014) (quoting *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012)))). Judge Stinnett further noted that facial plausibility exists when "the plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (*Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). Additionally, Judge Stinnett observed that a plaintiff must "provide more than the bare assertion of legal conclusions" to meet this standard. (*Id.* (citing *Helton v. Dixon*, No. 05-cv-377-KKC, 2006 U.S. Dist. LEXIS 11791, at *18-19 (E.D. Ky. Mar. 21, 2006))).

Moving to Spencer's proposed amended complaint, Judge Stinnet observed that Spencer asserted claims against Sheriff Hill solely in his official capacity. (*Id.*). And

3

"[b]ecause 'individuals sued in their official capacities stand in the shoes of the entity they represent,'" the claims against Sheriff Hill and Boone County should be construed as § 1983 claims against Boone County. (*Id.* at 3-4 (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003)) and *Watson v. Gill*, 40 F. App'x. 88, 89 (6th Cir. 2002))).

With respect to the § 1983 claims against Boone County, Judge Stinnett noted that municipalities cannot be held liable for the actions of their employees on the theory of *respondeat superior*. (*Id.* at 4; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, Judge Stinnett observed, a municipality is only liable under § 1983 where the plaintiff can demonstrate an illegal policy or custom in the form of "'(1) the municipality's legislative enactments or official agency polices [sic]; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of toleration or acquiescence of federal rights violations.'" (*Id.* quoting *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citation omitted)). Judge Stinnett pointed to Spencer's proposed amendment, by which he seeks to allege that Boone County "fail[ed] to adequately train or supervise deputies in the lawful limits of police authority," that Boone County demonstrated "deliberate indifference to officer misconduct and retaliatory enforcement," "permitted a culture or custom in which officers could use their authority to punish expressive conduct," and that Sheriff Hill "acted as the final policymaker with respect to law enforcement operations." (*Id.* at 5 (citing Doc. # 60-1 at 5-7)).

First, Judge Stinnett turned to Spencer's proposed "failure to train" theory of *Monell* liability. Judge Stinnett observed that such a claim requires: (1) the existence of a clear

4

and persistent pattern of unconstitutional activity; (2) the defendant had notice or constructive notice of such activity; (3) the defendant tacitly approved of the unconstitutional conduct such that its deliberate indifference in its failure to act amounted to an official policy of inaction; and (4) that the defendant's custom served as the moving force or direct causal link in the constitutional deprivation. (*Id.* at 5 (citing *Thomas*, 398 F.3d at 429) (quoting *Doe v. Claiborne Cnty.*, 103 F.3d 495, 508 (6th Cir. 1996))). Further, Judge Stinnett noted that "conclusory statements" that the defendant was deliberately indifferent to its duty to train fail to state a claim. (*Id.*). Accordingly, because Spencer failed to identify any specific policy or custom on Boone County's part and, instead, based his claim on a conclusory statement, Judge Stinnett determined that Spencer's proposed amendment fails to state a claim. (*Id.* at 6). Indeed, Judge Stinnett noted that Spencer's proposed amendment fails to identify a pattern of unconstitutional conduct similar to his own case that would put Boone County on notice of deficiencies in its training regimen. (*Id.*).

Second, Judge Stinnett observed that, to succeed on a "custom of tolerance" theory, a plaintiff must allege "that 'there was a pattern of inadequately investigating similar claims.'" (*Id.* at 6 (citing *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas*, 398 F.3d at 433))). Judge Stinnett found Spencer's custom of tolerance theory lacking for much the same reason as his failure to train theory: a failure to identify "even a single prior instance where Boone County failed to investigate similar claims." (*Id.*).

Finally, Judge Stinnett found that Spencer's proposed amendment also failed to state a claim under the single-act theory of *Monell* liability. (*Id.* at 8). Under this theory,

5

Judge Stinnett noted, liability only arises "where 'a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.'" (*Id.* at 7 (quoting *Burgess*, 735 F.3d at 479 (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-84 (1986))). However, Judge Stinnett observed, Spencer's proposed amendment merely alleges that "Sheriff Hill 'acted as the final policymaker for Boone County with respect to law enforcement operations'" and that "Sheriff Hill was 'responsible for the training, oversight, and conduct of all deputies within the Boone County Sheriff's Office.'" (*Id.* (quoting Doc. # 60-1 at 5)). Because Spencer's proposed amendment "fails to allege that Sheriff Hill made any cognizable decision among various alternatives," Judge Stinnett found that it failed to plead a necessary element of a § 1983 claim pursuant to the single-act theory. (*Id.* at 8).

Judge Stinnett concluded that, because Spencer's proposed amendment failed to allege facts sufficient to state a plausible claim under any of theory of § 1983 municipal liability, amendment is futile and Spencer's Motion for Leave to Amend should be denied. (*Id.*).

### III.   ANALYSIS

#### A.   Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Civil Procedure 72(b)(2), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to

6

the proposed findings and recommendations." The district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to adequately object to a magistrate judge's report and recommendation waives a party's right to appeal a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

The purpose of objections is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (footnote omitted). Therefore, objections to the R&R must be specific—they may not be "vague, general, or conclusory . . . [as such objections are] tantamount to a complete failure to object." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir. 2001). "Moreover, 'an "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.'" *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328, at *1 (E.D. Ky. Apr. 11, 2017) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)); *see also Holl v. Potter,* No. C-1-09-618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

A court should, however, construe filings from a *pro se* litigant liberally. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir.

7

1985). However, this requirement is not absolute. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Such "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin*, 391 F.3d at 714. And "pro se parties must still brief the issues advanced 'with some effort at developed argumentation.'" *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) (quoting *United States v. Reed*, 167 F.3d 984, 993 (6th Cir. 1999)). Additionally, a *pro se* petitioner is not exempt from following the rules of the court. *Ashenhust v. Ameriquest Mortg. Co.*, No. 07-13352, 2007 WL 2901416, at *1 (E.D. Mich. Oct. 3, 2007) (citing *McNeill v. United States*, 508 U.S. 106, 113 (1993)) (While "[t]hese [objection] rules are tempered by the principle that *pro se* pleadings are to be liberally construed . . . a *pro se* litigant must still comply with the procedural rules of [the] court."). Given this standard, the Court will construe Plaintiff's allegations leniently.

### B.     Defendant's Objections

In his Objections (Doc. # 68), Spencer appears to raise six specific objections to the R&R. The Court will consider each objection in turn.

#### 1. The R&R did not erroneously apply a pleading standard

Spencer first objects to Judge Stinnett's R&R because it "analyzes Plaintiff's proposed Monell allegations as though the case were at the pleading or initial screening stage." (*Id.* at 2). Rather, Spencer maintains that he "has already survived screening, filed a revised complaint, and engaged in active discovery with Defendant Ganshirt." (*Id.*). Spencer further objects that "[u]nder these circumstances, the futility standard should not be assessed solely through the lens of Rule 12(b)(6) pleading sufficiency. Rather, the Court must recognize that Plaintiff is entitled to conduct discovery to obtain the necessary documentary and testimonial evidence." (*Id.*).

This objection misses the mark. When a party files a motion for leave to amend under Rule 15, it is well-settled that the Court may deny the motion where the proposed amendment would be futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). Accordingly, when evaluating a proposed amendment for futility, a court *must* apply the 12(b)(6) standard. Because the R&R properly examined Spencer's proposed amended complaint under this standard, Spencer's first objection is **overruled.**

### 2. The R&R properly states the requirements for Monell liability

Spencer's second objection takes issue with the R&R's conclusion that "Plaintiff's proposed *Monell* allegations are 'bare' and 'conclusory.'" (Doc. # 68 at 3). Spencer contends that "[t]his analysis is legally flawed for two reasons." (*Id.*).

First, regarding his proposed single-act theory of *Monell* liability, Spencer argues that the R&R "imposed a requirement of multiple prior incidents, which is contrary to *Pembaur* and subsequent Sixth Circuit authority. (*Id.* (citing *Burgess*, 735 F.3d at 479)). In this respect, Spencer misreads the R&R. Judge Stinnett expressly noted that "[w]here a plaintiff alleges that the actor was a policymaker with final policymaking authority, *he need not establish a pattern of past misconduct* but may rely on a single-act theory." (Doc. # 66 at 6-7) (emphasis added). Instead, the R&R determined that Spencer's single-act theory failed because the proposed amendment "fails to allege that Sheriff Hill made any cognizable decision among various alternatives." (*Id.* at 8). This is a necessary element of a single-act theory. *Burgess*, 735 F.3d at 479 ("However, on a single-act

9

theory, a plaintiff must demonstrate that a 'deliberate choice to follow a course of action is made from among various alternatives.'") (quoting *Pembaur*, 475 U.S. at 483)). Spencer's proposed amendment fails to allege that Sheriff Hill made such a deliberate choice. Accordingly, the R&R correctly concluded that the proposed amendment failed to state a claim under the single-act theory.

Second, Spencer asserts that the R&R "failed to meaningfully address" his proposed allegations that Boone County "failed to provide adequate training regarding citizens' First Amendment rights, retaliatory stops, and the constitutional limits on traffic enforcement" in a manner tantamount to deliberate indifference. (Doc. # 68 at 3). However, the R&R noted that, when a *Monell* claim is premised on a failure to train theory, the plaintiff must allege, *inter alia*, the existence of a clear and persistent pattern of unconstitutional activity. (Doc. # 66 at 5 (citing *Thomas*, 398 F.3d at 429)). Further, a *Monell* claim does not pass muster under Rule 12(b)(6) where a plaintiff does no more than recite the elements of a claim against a municipality without sufficient factual support. *E.g., Vidal v. Lexington-Fayette Urban Cnty.* Gov't, No. 5:13-117-DCR, 2014 WL 4418113, at *3-4 (E.D. Ky. Sep. 8, 2014) (dismissing *Monell* claim where the plaintiff alleged that the municipality "negligently trained and/or supervised [the officer] with respect to arrest, proper police procedures, use of excessive force, and use of force and seizure policies"); *Hall v. City of Williamsburg*, No. 6:16-304-DCR, 2017 WL 3668113, at *13 (E.D. Ky. Aug. 24, 2017) (dismissing *Monell* claim where the plaintiff offered "vague recitations of the elements for a claim that are unsupported by any factual allegations"). Here, Spencer's proposed allegations do not identify a pattern of similar unconstitutional

activity. Because Judge Stinnett correctly deemed this failure fatal to Spencer's failure to train theory, Spencer's second objection is **overruled**.

### 3. *Spencer's proposed amendment lacks sufficient factual support*

Next, Spencer asserts that the R&R mischaracterizes his proposed allegations as conclusory. (Doc. # 68 at 4). Specifically, Spencer points to four allegations that he maintains "connect specific factual events (the retaliatory stop, lack of investigation, absence of training) to the broader theory of municipal liability."[1] (*Id.*). However, these allegations rely on precisely the kind of conclusory statements that fail to state a plausible *Monell* claim under the Rule 12(b)(6) standard. Spencer's proposed allegation that Boone County "maintained customs or practices that tolerated retaliatory enforcement" fails to provide enough factual specificity to cross the line from mere possibility to plausibility. To adequately allege the existence of a "custom or practice," Spencer must cite to prior instances of unconstitutional activity. *Horn v. City of Covington*, No. 14-73-DLB-CJS, 2015 WL 4042154, at *5 (E.D. Ky. Jul. 1, 2015) (dismissing *Monell* claim where the plaintiff "fails to cite a single prior instance or statistic in support" of the alleged policy or custom). Because Spencer fails to provide such factual support, his allegations regarding Boone County's alleged policy of tolerating retaliatory enforcement fail to state a plausible clam.

Likewise, Spencer's proposed allegations concerning Sheriff Hill fail to offer the necessary factual support. As Judge Stinnett observed in the R&R, Spencer does not

---

[1] These allegations are that "1. Deputy Ganshirt initiated the stop after Plaintiff displayed a constitutionally protected gesture. 2. The Sheriff's Office failed to investigate or discipline this conduct. 3. Boone County, acting through its elected Sheriff, maintained customs or practices that tolerated retaliatory enforcement. 4. Sheriff Hill, as final policymaker, had authority over training and discipline yet allowed the violation to stand." (Doc. # 68 at 4).

11

allege that Sheriff Hill made any cognizable decision among various alternatives—a necessary element of a single-act theory of *Monell* liability.  (Doc. # 66 at 8).  A single-act theory of liability requires a finding that a policymaker made a "deliberate choice to follow a course of action" that constituted the "moving force" behind the plaintiff's harm.  *Pembaur*, 475 U.S. at 483-85.  Spencer's proposed allegations, by contrast, merely state that Sheriff Hill "acted as the final policymaker for Boone County with respect to law enforcement operations" and that he was "responsible for the training, oversight, and conduct of all deputies within the Boone County Sheriff's Office."  (Doc. # 60-1, at 5).  Spencer does not even allege, let alone offer factual support, for the proposition that Sheriff Hill made a deliberate choice to follow one course of action among various alternatives nor that such a decision was the moving force behind Spencer's harm.  Accordingly, Spencer's allegations fail to state a plausible claim under any of his *Monell* theories of liability and his third objection is **overruled**.

### 4.  *Denying Spencer leave to amend does not deny him access to evidence*

Spencer objects that the Court should allow him to amend his pleadings while he conducts discovery to uncover "examples of other similar incidents or formal written policies endorsing retaliation."  (Doc. # 68 at 5).  This objection has no bearing on the Court's decision to deny leave to amend pursuant to Rule 15.  Plaintiffs are not entitled to discovery until *after* they have stated a plausible claim under Rule 8.  The Court may not allow Spencer's implausible claims to proceed in the hope that he will uncover factual support later down the line.  Therefore, his fourth objection is **overruled**.

12

### 5. The R&R did not mischaracterize Plaintiff's claims as "purely individual"

Spencer's fifth objection states that the R&R inappropriately concluded that his "allegations focus solely on his individual rights," purportedly ignoring Spencer's allegations regarding Boone County's customs, policies, and practices related to retaliation for protected conduct. (Doc. # 68 at 6-7). However, the R&R thoroughly addresses Spencer's allegations regarding a pattern of unconstitutional conduct. (*See* Doc. # 66 at 6). Indeed, Judge Stinnett concluded that Spencer's failure to point out prior instances of such conduct resulted in a failure to allege a necessary element of a *Monell* claim on a failure to train, custom of tolerance, or inaction theory. (*Id.*). The only specific instance of allegedly unconstitutional activity identified by Spencer's proposed amendment was his own interaction with Officer Ganshirt. By observing this fact and finding that Spencer failed to sufficiently plead a pattern of similar unconstitutional activity, the R&R appropriately determined that Spencer failed to provide the necessary factual color to state a plausible claim for relief. Accordingly, Spencer's fifth objection is **overruled.**

### 6. Spencer's objection related to Defendants' "evasive discovery responses" is misplaced

Spencer's final objection argues that Judge Stinnett should not have found his proposed amendment lacking in factual support because "Defendant has responded [to Spencer's discovery requests] with evasive or incomplete answers." (Doc. # 68 at 7). This objection then proceeds to catalog a number of instances in which Defendants have purportedly failed to comply with the discovery provisions laid out in the Rules of Civil Procedure. (*Id.*).

13

As discussed above, Spencer cannot shirk his responsibility to state a plausible claim for relief by claiming an inability to engage in preliminary discovery. Further, Spencer's arguments concerning the ongoing discovery in this matter have no bearing on whether his proposed amendment is futile. Therefore, his final objection is **overruled.**

### IV.     CONCLUSION

Spencer's Objections (Doc. # 68) do not provide an adequate basis for rejecting the R&R. Additionally, the Court has reviewed the entirety of Judge Stinnett's R&R and finds the analysis and conclusions contained therein are sound in all respects, including Judge Stinnett's conclusion that Plaintiff's Motion for Leave to Amend Complaint (Doc. # 60) should be denied. Accordingly, for the reasons set forth herein,

**IT IS ORDERED** as follows:

(1)     Plaintiff's Objections to the R&R (Doc. # 68) are hereby **OVERRULED**;

(2)     The Magistrate Judge's Report and Recommendation (Doc. # 66) is hereby **ADOPTED** as the findings of fact and conclusions of law of this Court; and

(3)     Plaintiff's Motion for Leave to Amend Complaint (Doc. # 60) is hereby **DENIED**.

This 20th day of October, 2025.

Signed By:
David L. Bunning
Chief United States District Judge

"G:\Judge-DLB\DATA\ORDERS\Cov2024\24-144 MOO adopting R&R.docx"