UNITED STATES DISTRICT COURT
EASTREN DISTRICT OF KENTUCKY
COVINGTON DIVISION

Eastern District of Kentucky
FILED
NOV 21 2025
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

Jeremy Spencer            )
Plaintiff,                )    CASE:    2:24-cv-00144-DLB
                          )
v.                        )
                          )
Jacob Ganshirt            )
Defendant                 )

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
## TO MOTION FOR LEAVE

Plaintiff Jeremy Spencer, appearing in propria persona, submits this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to Serve Limited Additional Discovery. Defendant's objections misstate the applicable legal standard under Fed. R. Civ. P. 16(b)(4), mischaracterize Plaintiff's diligence, and improperly conflate proportionality with whether Defendant believes the requested discovery is "necessary." The governing law, the Scheduling Order, and the factual record demonstrate that Plaintiff has shown good cause for limited leave.

### I. RULE 16(b)(4) REQUIRES DILIGENCE — NOT PERFECTION

Federal courts, including in the Sixth Circuit, repeatedly hold:

1) Rule 16(b)(4) requires diligence, not perfect foresight or flawless timing. See *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).
2) Courts evaluate diligence by asking whether the moving party:
3) acted reasonably based on the information available at the time;
4) moved promptly once the need for additional action became clear;
5) did not intentionally disregard deadlines; and
6) sought modification in good faith.

30  Plaintiff satisfies each of these factors. The Defendant's argument focuses not on diligence but
31  on whether he subjectively believes the discovery is "needed." That is not the standard under
32  Rule 16(b)(4).

33  **II. WAITING FOR A COURT RULING IS DILIGENCE — NOT DELAY**

34  Defendant argues Plaintiff should have served additional discovery earlier, even though
35  the Court had not ruled on Plaintiff's Motion to Compel (Doc. 69). Courts reject this position.
36  Federal precedent holds:
37  "Waiting for resolution of a pending motion affecting discovery obligations constitutes diligence,
38  not unreasonable delay."
39  See *Smith v. OSI Indus., 2022 WL 1785319 (E.D. Ky. 2022)* (party acted diligently when waiting
40  for court guidance before serving discovery).
41  This principle applies with even greater force where, as here, the Court's ruling on
42  October 15, 2025, directly determined whether additional Requests for Admission were required.
43  Plaintiff filed the Motion for Leave within four weeks of that ruling—well within the diligence
44  expected under Rule 16(b)(4).
45  Federal courts also recognize that parties are not expected to proceed with discovery
46  obligations while a motion directly affecting those obligations is pending. Advancing litigation in
47  a manner that may be mooted, contradicted, or rendered meaningless by a forthcoming ruling is
48  inefficient and inequitable. This principle reflects judicial economy standards routinely
49  acknowledged by federal courts: "Deadlines affected by pending motions are typically stayed
50  until the Court rules, unless the Court orders otherwise." Courts further caution that "the Court
51  will not require a party to guess at how the Court will resolve a pending motion," and that

52 litigation should not "move the goalposts" while a dispositive or discovery-affecting motion
53 remains unresolved.
54     Because the Court's ruling on Doc. 69 directly determined whether additional Requests
55 for Admission would be necessary, Plaintiff acted reasonably and diligently in awaiting that
56 decision before serving new written discovery.

57 **III. THE SCHEDULING ORDER IS AMBIGUOUS AND CONTAINS NO "SERVE BY"**
58 **REQUIREMENT**

59     Defendant relies on *Sullivan v. Family Dollar Stores, Inc. (W.D. Ky. 2021)*, but that case
60 is inapposite. In *Sullivan*, a represented plaintiff conducted no discovery for eight months and
61 first served written discovery on the final day of discovery, despite an unambiguous deadline and
62 no pending motion affecting discovery. The court found a total absence of diligence.
63     By contrast, Plaintiff served multiple rounds of discovery, participated in depositions,
64 conferred with counsel, and—critically—waited for this Court's ruling on Doc. 69, which
65 directly determined whether additional Requests for Admission would be necessary. Plaintiff's
66 actions reflect diligence, not delay.
67     Defendant further claims *Sullivan* requires that all written discovery be served early
68 enough so that responses are due before the cutoff. However, *Sullivan* involved a scheduling
69 order with explicit "serve by" language, stating written discovery must be served in time for
70 responses to be completed before the deadline.
71     In contrast, this Court's Scheduling Order states only:
72     "The parties shall complete all fact discovery by December 1, 2025," and that parties
73 must "account for appropriate response time."
74     The Order does not state:

75 • that all written discovery must be served by a particular date;

76 • that all responses must be completed by December 1; or

77 • that responses provided after December 1 are prohibited.

78 Courts recognize that such "completion by" language is inherently unclear unless the

79 Scheduling Order explicitly states "must be served by." See *Saffron v. United States, 2017 WL*

80 *1210072 (E.D. Mich.)*. Plaintiff's reading; that written discovery could be served by December 1,

81 with responses governed by the Federal Rules' standard 30 day period thereafter, was a

82 reasonable, good faith interpretation.

83 As a first-time federal litigant proceeding in forma pauperis, Plaintiff should not be held

84 to the same interpretive expectations as experienced counsel when confronted with ambiguous

85 procedural language.

86 Additionally, nothing in the Scheduling Order states that all discovery closes on

87 December 1. The Order distinguishes fact discovery from expert discovery, with expert

88 disclosures due December 16, 2025 and January 15, 2026, and expert depositions continuing

89 through February 2, 2026. This structure confirms that fact discovery is only one component of

90 the overall discovery period and that discovery remains open in other categories beyond

91 December 1.

92 **IV. THE REQUESTS ARE NOT DUPLICATIVE AND ARISE FROM NEW**

93 **INFORMATION**

94 Defendant claims Plaintiff's 12 RFAs, 2 interrogatories, and 2 RFPs are "duplicative." This is

95 incorrect.

96 Each request seeks clarification of:

97    1) contradictory statements between Defendant's Answer and his interrogatory responses;

98     2) inconsistencies revealed for the first time during his deposition;

99     3) factual timeline discrepancies not addressed in earlier responses.

100 Courts hold that clarifying contradictions is a proper purpose of discovery, and such requests are

101 not duplicative merely because they address the same subject matter.

102 **V. THE BURDEN IS MINIMAL — DEFENDANT ALREADY KNOWS ALL THE FACTS**

103     Defendant asserts that the discovery is "unduly burdensome." But under the Federal

104 Rules, "undue burden" must be demonstrated with specificity and factual support — not

105 conclusory assertions. See *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) ("A party

106 resisting discovery on grounds of burden or expense must show specifically how each request is

107 burdensome; generalized objections are insufficient."); *Nemir v. Mitsubishi Motors Corp.*, 381

108 *F.3d 540, 550 (6th Cir. 2004)* ("Broad allegations of harm, unsubstantiated by specific examples

109 or articulated reasoning, do not satisfy Rule 26(c).").

110 Here:

111     a) The RFAs and interrogatories concern events personally witnessed by Defendant;

112     b) No research, document review, or collection is required;

113     c) Responses would take minutes, not hours;

114     d) Defendant has already described these same facts in his Answer, citation, and

115     deposition;

116     e) Courts reject burden objections where the responding party already possesses the

117     information. See *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 254 (S.D. Ind. 2002)

118     ("Where the responding party has personal knowledge of the information sought, the

119     burden of answering is minimal.").

120  Thus, Defendant's generalized claims that the discovery is "unnecessary," "duplicative," or
121  "burdensome" fall short of the specificity required under Rule 26 and Sixth Circuit precedent.

## VI. PRO SE IFP LITIGANTS RECEIVE FLEXIBILITY ON DILIGENCE AND ACCESS TO DISCOVERY

124  Courts recognize that indigent pro se litigants must rely primarily on cost-free discovery tools
125  and cannot reasonably be expected to retain paid experts, conduct depositions, or engage in
126  resource-intensive methods. Denying limited written discovery to a litigant without the financial
127  means to pursue alternative avenues raises significant access-to-justice concerns and strongly
128  supports permitting narrowly tailored written discovery under Rule 16(b)(4).
129  Moreover, responding to these requests imposes no financial burden on Defendant or the
130  government, as they require only narrative answers to facts already within Defendant's personal
131  knowledge.
132  Plaintiff's status as an IFP litigant supports—rather than undermines—his diligence.

## VII. DEFENDANT'S CLAIM OF "UNNECESSARY" DISCOVERY DOES NOT AFFECT DILIGENCE UNDER RULE 16(b)(4)

135  Defendant repeats that the discovery is "unnecessary," "duplicative," or "burdensome."
136  None of these assertions relate to whether Plaintiff has been diligent, which is the only Rule
137  16(b)(4) inquiry. See *Leary, 349 F.3d at 907*.
138  A responding party's belief that the discovery is unnecessary cannot justify denial of
139  leave. Courts decide necessity—not litigants.

## VIII. FAIRNESS SUPPORTS GRANTING LEAVE

141  Defendant previously requested a discovery extension earlier in this case. Plaintiff did not
142  oppose it. Granting Plaintiff reciprocal procedural fairness is consistent with Rule 1's command

that the Rules be administered to secure the just, speedy, and inexpensive resolution of every action.

## IX. CONCLUSION

For all the reasons above—Plaintiff's diligence, the ambiguity of the Scheduling Order, the minimal burden on Defendant, Plaintiff's IFP status, and the narrow scope of the discovery—Plaintiff respectfully requests that the Court grant the Motion for Leave.

Regards:

*Jeremy Spencer (without prejudice or recourse)*

_____ Date:___11-20-2025_____

Jeremy Spencer (without Prejudice or recourse)(Plaintiff)

Jackoneil2121@yahoo.com

330-396-3566

C/O[1891 Grovepoint Dr.]

[Florance Ky, 41042]

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE was served upon Defendant's counsel ( Jeffrey Mando (ADAMS LAW PLLC) by e-mail and N.E.F. on Nov. 20, 2025