**UNITED STATES DISTRICT COURT**
**EASTREN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | | |
|---|---|---|
| **Jeremy Spencer** | ) | |
| **Plaintiff,** | ) | **CASE: 2:24-cv-00144-DLB** |
| | ) | |
| v. | ) | |
| | ) | |
| **Jacob Ganshirt** | ) | |
| **Defendant** | ) | |

Eastern District of Kentucky
FILED
JAN 05 2026
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**Plaintiff's Motion for Summary Judgment,**

**or Alternatively, Partial Summary Judgment**

## I. INTRODUCTION

Plaintiff Jeremy Spencer moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. In the alternative, Plaintiff moves for partial summary judgment denying qualified immunity. This Motion seeks a ruling that Defendant Jacob Ganshirt violated Plaintiff's clearly established First Amendment rights by retaliating against protected speech and violated the Fourth Amendment by stopping and citing Plaintiff without reasonable, articulable suspicion of a crime. The adverse action at issue was the issuance of a careless-driving citation—an enforcement action unsupported by statutory elements—used to punish Plaintiff for protected expressive conduct.

Plaintiff recognizes that courts may resolve liability and damages in separate phases. Accordingly, Plaintiff requests that the Court grant summary judgment on liability where appropriate and either (a) award nominal damages as a matter of law, or (b) reserve compensatory and punitive damages for determination at trial. In the alternative, and at minimum, Plaintiff seeks partial summary judgment holding that Defendant is not entitled to qualified immunity.

This Motion is grounded in undisputed facts established by Defendant's own admissions and controlling Sixth Circuit and Supreme Court precedent. No credibility determinations are required for the relief requested. Because qualified immunity is a threshold question of law, the Court may and should resolve immunity at summary judgment, and at minimum deny qualified immunity even if it elects to reserve damages for trial.

## II. RULE 56 STANDARD

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Partial summary judgment is expressly authorized and is appropriate where discrete legal issues may be resolved without invading the province of the jury.

In the qualified-immunity context, the Court must determine whether, taking the facts in the light most favorable to the non-movant, the officer's conduct violated a constitutional right and whether that right was clearly established at the time of the conduct. Where material facts are undisputed and the law is clearly established, qualified immunity must be denied.

## III. UNDISPUTED MATERIAL FACTS

Note on Abbreviations: For ease of reference, citations in this section use abbreviated references to Defendant's discovery responses and record materials. "RFA" refers to Defendant's Responses to Plaintiff's Requests for Admission; "Interrog." refers to Defendant's Answers to Plaintiff's Interrogatories; "RFP" refers to Defendant's Responses to Plaintiff's Requests for Production; and "Body-Cam" refers to Defendant's body-camera audio/video filed with the Court. All abbreviated citations reference Defendant's own responses or materials produced and/or filed in this action.

The following facts are not genuinely disputed and are established by Defendant's admissions, discovery responses, records created at the time, and Defendant's own body-camera recording:

1. Plaintiff displayed a nonverbal expressive gesture (raising his middle finger) toward Defendant while driving. (Exhibit 7: Second RFA No. 1)
2. Defendant observed Plaintiff's expressive gesture prior to the traffic stop. (Exhibit 7: Second RFA No. 2; Exhibit 4 Third Interrog. No. 1)
3. Defendant was trained that such expressive gestures constitute protected speech under the First Amendment. (Exhibit 5 First RFA Nos. 6 & 8)
4. After observing the gesture, Defendant executed a U-turn and followed Plaintiff. (Exhibit 4 Third Interrog. No. 3; Exhibit 6 Supp. Interrog. No. 3)
5. Defendant could not identify any pedestrians present and could not recall any specific vehicles, their proximity, or any interactions with Plaintiff's vehicle at the time of the alleged careless driving. (Exhibit 3 Second Interrog. Nos. 2–3)
6. Defendant stopped Plaintiff and issued a citation for careless driving under KRS 189.290. (Exhibit 8: Citation)
7. Defendant admitted that he did not rely on any other legal or administrative authority, other than reasonable suspicion or probable cause, to justify the traffic stop. (Exhibit 3: Second Interrog. No. 7)
8. Defendant observed no objective indicators of impairment, including no odor of alcohol, slurred speech, or glassy eyes. (Exhibit 3: Second RFA No. 7; Exhibit 1 Body-Cam Video, Docs. 28/29)

9. Defendant conducted no DUI investigation and administered no field sobriety tests. (Exhibit 1 Body-Cam Video, Docs. 28/29)
10. Defendant issued no citation for DUI or any impairment-related offense. (Exhibit 8: Citation)
11. Defendant did not document speeding, swerving, crossing the yellow line, unsafe stopping, collision, near-collision, or injury to any person or property. (Exhibit 8: Citation; Exhibit 7: Second RFA No. 4, Exhibit 3: Second Interrog. Nos. 2–3; Exhibit 4 Third Interrog. No. 5)
12. During the stop, Defendant stated to Plaintiff, "If you don't want to draw attention to yourself, don't flick me off," as captured on Defendant's body-camera audio. (Exhibit 1 Body-Cam video, Docs. 28/29)

## IV. ARGUMENT

Clearly Established Law Prohibits Retaliation for Protected Speech Through Use of a Non-Applicable Traffic Offense.

The law was clearly established at the time of the incident that a citizen's use of a middle-finger gesture toward a police officer constitutes protected expressive conduct under the First Amendment. *Cruise-Gulyas v. Minard, 918 F.3d 494, 497–98 (6th Cir. 2019*) ("Any reasonable officer would know that a citizen who raises her middle finger engages in speech protected by the First Amendment."); *Sandul v. Larion, 119 F.3d 1250, 1255 (6th Cir. 1997*). The Supreme Court has long held that non-verbal, symbolic conduct intended to convey a message is entitled to full First Amendment protection, even when the expression is offensive or directed at authority. *Spence v. Washington, 418 U.S. 405 (1974); Cohen v. California, 403 U.S. 15 (1971); Texas v. Johnson, 491 U.S. 397 (1989).* The First Amendment further prohibits government officials from using otherwise lawful authority as a means of retaliating against protected speech.

*Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999) (en banc); Hartman v. Moore, 547 U.S. 250 (2006).*

Under *Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977)*, once a plaintiff establishes that protected speech was a substantial or motivating factor in the adverse action, the burden shifts to the defendant to show that the same action would have occurred absent the protected conduct. Retaliation analysis does not permit an officer to evade liability by isolating individual components of a single encounter; courts evaluate the entire course of conduct. *Bloch v. Ribar, 156 F.3d 673 (6th Cir. 1998).*

It was also clearly established that a traffic stop constitutes a seizure under the Fourth Amendment and must be supported by reasonable, articulable suspicion of a crime based on specific, objective facts. *Delaware v. Prouse, 440 U.S. 648, 653 (1979*). The Sixth Circuit has repeatedly held that minor or momentary lane deviations, without additional indicia of erratic or unsafe driving, do not establish reasonable suspicion of a crime. *United States v. Gross, 550 F.3d 578, 583 (6th Cir. 2008); United States v. Freeman, 209 F.3d 464 (6th Cir. 2000); United States v. Warfield, 727 F. App'x 182 (6th Cir. 2018*). Considering the totality of the circumstances, including the absence of erratic driving, impairment indicators, or statutory elements of careless driving, no reasonable officer could conclude that reasonable suspicion of a crime existed. Defendant admitted that he observed no specific driving infraction prior to the alleged fog-line contact, yet elsewhere asserted that Plaintiff's pre-stop behavior warranted further investigation. Taken together, these admissions establish that the stop was initiated without any specific, articulable factual basis and rested instead on an impermissible investigative hunch, in violation of clearly established constitutional law. (Exhibit 7: Second RFA No. 4; Exhibit 3 Second Interrog. Nos. 2–3; Exhibit 6: Supp. Interrog. No. 3)

Here, Defendant admits that he observed Plaintiff's protected expressive gesture, executed a U-turn thereafter, and stopped Plaintiff despite observing no speeding, swerving, unsafe operation, collision, injury, or indicators of impairment during the stop. Defendant bears the burden of articulating specific facts establishing reasonable suspicion for a seizure. *Terry v. Ohio, 392 U.S. 1, 21 (1968*). Yet Defendant admitted that he observed no specific driving conduct prior to the alleged fog-line contact and, when repeatedly asked in discovery to identify any alternative factual basis for the stop, declined to do so—responding that such details were "best suited for deposition" or referring generally to a Uniform Citation that does not contain the requested information. Such evasive responses constitute failures to answer under Rule 33 and cannot supply the factual basis required to justify a seizure. Fed. R. Civ. P. 33(b)(3)–(4). Where an officer fails to articulate the facts supporting reasonable suspicion and instead leaves the record undeveloped, he may not rely on that self-created ambiguity to obtain qualified immunity. *Tolan v. Cotton, 572 U.S. 650, 657–58 (2014); Estate of Carter v. City of Detroit, 408 F.3d 305, 311 (6th Cir. 2005).* Defendant cannot invoke qualified immunity on a record he declined to develop. Accordingly, no reasonable officer could conclude that protected speech "drawing attention", without any investigation or observation of a crime at the same moment in time, constitutes a lawful basis for a traffic stop or citation.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter judgment as follows:

1. Grant summary judgment in favor of Plaintiff on liability for Plaintiff's First Amendment retaliation claim and Fourth Amendment unreasonable seizure claim;
2. Award nominal damages as a matter of law for the completed constitutional violations, and reserve compensatory and punitive damages for determination by a jury at trial;

3. In the alternative, grant partial summary judgment holding that Defendant is not entitled to qualified immunity on Plaintiff's First Amendment retaliation claim;
4. In the further alternative, grant partial summary judgment on the undisputed material facts established by Defendant's admissions;
5. Grant such other and further relief as the Court deems just and proper.

Plaintiff brings this Motion pursuant to Rule 56 solely to resolve legal issues appropriate for summary judgment and does not waive, and expressly preserves, his right to a trial by jury on any factual issues remaining in this case.

Regards,

my spencer (without prejudice or recourse)

Jeremy Spencer Date: 12-29-2025
(man, Beneficiary) (without prejudice/ or recourse) In propria persona,
C/O [1891 Grovepointe Dr.]
[Florence, KY 41042]
330-396-3566
Jackoneil2121@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the MOTION FOR SUMMERY JUDGEMENT was served upon Defendant's counsel ( Jeffrey Mando (ADAMS LAW PLLC) by e-mail and N.E.F. on Date: 12-29-2025

**UNITED STATES DISTRICT COURT**
**EASTREN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | | |
|---|---|---|
| **Jeremy Spencer** | ) | |
| **Plaintiff,** | ) | **CASE: 2:24-cv-00144-DLB** |
| | ) | |
| v. | ) | |
| | ) | |
| **Jacob Ganshirt** | ) | |
| **Defendant** | ) | |

# Authorities Cited

## I. First Amendment – Protected Speech & Retaliation

***1. Cruise-Gulyas v. Minard, 918 F.3d 494 (6th Cir. 2019)***

Held that displaying a middle-finger gesture toward a police officer constitutes protected speech under the First Amendment, and that a reasonable officer would know retaliation for such expression is unconstitutional.

***2. Sandul v. Larion, 119 F.3d 1250 (6th Cir. 1997)***

Held that profane gestures and verbal insults directed at police are protected speech and do not constitute fighting words.

***3. City of Houston v. Hill, 482 U.S. 451 (1987)***

Held that the First Amendment protects verbal criticism and challenge directed at police officers, and that enforcement used to punish such speech is unconstitutional.

***4. Spence v. Washington, 418 U.S. 405 (1974)***

Established that non-verbal conduct intended to convey a particularized message is protected expressive conduct under the First Amendment.

***5. Cohen v. California, 403 U.S. 15 (1971)***

Held that the government may not criminalize expression merely because it is offensive or distasteful.

***6. Texas v. Johnson, 491 U.S. 397 (1989)***

Reaffirmed that symbolic acts challenging government authority are protected speech, even when deeply offensive.

**II. Retaliation Framework & Burden-Shifting**

***7. Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274 (1977)***

Established the burden-shifting framework for First Amendment retaliation claims: once protected conduct is shown to be a motivating factor, the burden shifts to the defendant to prove the same action would have occurred absent the protected conduct.

***8. Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999) (en banc)***

Held that actions otherwise within an official's authority become unconstitutional when undertaken for the purpose of retaliating against protected conduct.

***9. Hartman v. Moore, 547 U.S. 250 (2006)***

Recognized that misuse of governmental enforcement authority to punish protected speech violates the First Amendment.

**III. Whole-Encounter Analysis / No Segmentation of Retaliatory Conduct**

***10. Bloch v. Ribar, 156 F.3d 673 (6th Cir. 1998)***

Held that courts must evaluate the entire course of retaliatory conduct and that facially lawful acts do not immunize an overall retaliatory episode.

**IV. Fourth Amendment – Reasonable Suspicion Must Be of a Crime**

***11. Terry v. Ohio, 392 U.S. 1 (1968)***

Held that an investigatory stop is lawful only where the officer can articulate specific, objective facts establishing reasonable suspicion of criminal activity.

***12. Delaware v. Prouse, 440 U.S. 648 (1979)***

Held that a traffic stop constitutes a seizure under the Fourth Amendment and must be supported by reasonable suspicion; possession of a driver's license does not waive constitutional protections.

***13. United States v. Gross, 550 F.3d 578 (6th Cir. 2008)***

Held that minor lane deviations, without additional evidence of erratic or unsafe driving, do not establish reasonable suspicion of a crime.

***14. United States v. Freeman, 209 F.3d 464 (6th Cir. 2000)***

Held that minimal or momentary traffic irregularities, absent other indicators, are insufficient to justify a traffic stop.

***15. United States v. Warfield, 727 F. App'x 182 (6th Cir. 2018)***

Reaffirmed that briefly touching a lane line does not establish reasonable suspicion of a crime without additional evidence of unsafe or impaired driving.

## V. Qualified Immunity & Summary Judgment Standards

***16. Tolan v. Cotton, 572 U.S. 650 (2014)***

Held that courts may not resolve genuine factual ambiguities in favor of officers at summary judgment and that qualified immunity must be denied where the record, viewed properly, supports a constitutional violation.

***17. Estate of Carter v. City of Detroit, 408 F.3d 305 (6th Cir. 2005)***

Held that officers are not entitled to qualified immunity where they fail to articulate facts supporting reasonable suspicion and instead rely on undeveloped or ambiguous records.

**VI. Discovery Obligations Relevant to Qualified Immunity**

***18. Federal Rule of Civil Procedure 33(b)(3)–(4)***

Requires that interrogatory answers be complete and specific, and provides that evasive or incomplete answers are treated as failures to answer.

**VII. Remedies for Completed Constitutional Violations**

***19. Elrod v. Burns, 427 U.S. 347 (1976)***

Held that the loss of First Amendment freedoms, even for minimal periods of time, constitutes irreparable injury.

**20. *Monroe v. Pape, 365 U.S. 167 (1961*)**

Recognized 42 U.S.C. § 1983 as a remedy for constitutional violations regardless of economic loss, including nominal damages for completed violations.

**UNITED STATES DISTRICT COURT**
**EASTREN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**

| | |
|---|---|
| **Jeremy Spencer** ) | |
| **Plaintiff,** ) | **CASE: 2:24-cv-00144-DLB** |
| ) | |
| v. ) | |
| ) | |
| **Jacob Ganshirt** ) | |
| **Defendant** ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on this _**29**_ day of _**December**__, 2025, a true and correct copy of the foregoing **Plaintiff's Motion for Summary Judgment, or Alternatively, Partial Summary Judgment**, together **with all exhibits and attachments**, was served upon all counsel of record through the Court's CM/ECF electronic filing system, which provides notice and access to all registered users.

Regards,

*Jeremy Spencer (without prejudice or recourse)*

Jeremy Spencer Date: 12-29-2025
(man, Beneficiary) (without prejudice/ or recourse) In propria persona,
C/O [1891 Grovepointe Dr.]
[Florence, KY 41042]
330-396-3566
Jackoneil2121@yahoo.com