UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO. 2:24-CV-00144-DLB

**JEREMY SPENCER** **PLAINTIFF**

**v.**

**JACOB GANSHIRT** **DEFENDANT**

---

**DEFENDANT, JACOB GANSHIRT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS**

---

The Defendant, Jacob Ganshirt, by and through counsel, pursuant to Civil Rule 36, for his Objections and Responses to Plaintiff's First Set of Requests for Admissions, states as follows:

## PRELIMINARY STATEMENTS

1. Defendant reserves all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding, or the trial of this or any other action.

2. Defendant reserves the right to object to the use of these responses or the subject matter thereof in any subsequent proceeding, or in the trial of this or any other action on any grounds.

3. Defendant reserves the right to object to any further or subsequent responses made to these or any other requests or other discovery involving or relating to the subject matter of the requests responded to herein.

4. Defendant reserves the right at any time to revise, correct, add to or clarify any of the responses propounded below.

## GENERAL OBJECTIONS

1. Defendant objects generally to the numbered list of instructions and definitions contained in the Discovery Requests to the extent they attempt to impose obligations beyond the permissible scope of Federal Civil Rules 26, 33, 34 and 36 and/or are otherwise improper, and undertakes no duties beyond those specified in the Federal Civil Rules or Local Rules of Court.

2. Defendant objects to the Discovery Requests to the extent they violate Federal Civil Rule 26 in that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, nor are they proportional to the needs of the case.

3. Defendant objects to each Discovery Request and part thereof to the extent they call for responses disclosing information or documents protected by (a) the attorney-client privilege; (b) the work product doctrine; (c) any privilege relating to confidential information or trade secrets; (d) the right of privacy; and, (e) any other privilege. Any inadvertent disclosure of privileged information shall not waive those privileges.

4. Defendant objects to the Discovery Requests to the extent they seek information or documents not in its possession, custody, or control.

5. Defendant objects to the Discovery Requests that are premature. Defendant specifically reserves the right to introduce additional information uncovered in the discovery process or otherwise. Defendant agrees to provide any such additional information to Defendant in a timely fashion consistent with the requirements of the Federal Civil Rules and Local Rules of Court.

6. Defendant objects to the Discovery Requests to the extent they seek information subject to trade secret protection or that is otherwise confidential or proprietary. Such information will be produced only subject to the terms of an appropriate protective order.

7. Defendant objects to the Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8. Defendant objects to the Discovery Requests that seek documents or information already in Plaintiffs' possession, custody or control, or documents or information equally available to Plaintiffs, on the grounds that such requests are unduly burdensome, oppressive and harassing.

9. Defendant objects to the Discovery Requests that seek discovery of electronically stored information when production of such electronically stored information imposes undue burden or expense.

10. Defendant incorporates each of these general objections into each of the specific responses to the Discovery Requests below.

**REQUESTS FOR ADMISSIONS**

1. Admit or deny that Plaintiff did not pose an immediate observable danger, or observable hazardous situation to pedestrians or other vehicles.

**RESPONSE:** Deny.

2. Admit or deny that Plaintiff did not pose an immediate observable danger, or observable hazardous situation that would cause harm upon the highway.

**RESPONSE:** Deny.

3. Admit or deny that Plaintiff touching the white line was the only specific driving conduct you observed that you considered a violation before initiating the stop.

**RESPONSE:** Deny.

4. Admit or deny that, based on your training and experience, you believed at the time of the stop that, without any other observed violation, touching the white fog line alone was sufficient to establish reasonable articulable suspicion or probable cause to initiate a traffic stop.

**RESPONSE:** Defendant admits that driving on or over the white fog line is sufficient to establish reasonable articulable suspicion or probable cause to initiate a traffic stop; otherwise, denied.

5. Admit or deny that you have received specific training regarding the constitutional rights of individuals.

**RESPONSE:** Admit.

6. Admit or deny that, based on your training and experience as a law enforcement officer, you understood at the time of the stop that a person's act of raising their middle finger toward law enforcement is generally recognized as expressive conduct protected by the First Amendment to the United States Constitution.

**RESPONSE:** Admit.

7. Admit or deny that, based on your training and experience as a law enforcement officer, you understood at the time of the stop that ignorance of the law is not a defense to violating another person's constitutional rights.

**RESPONSE:** Admit that I understood ignorance of the law is no defense, but deny violating Plaintiff's constitutional rights.

8. Admit or deny that you have received training, during your career as a law enforcement officer, regarding individuals' rights to express criticism, disapproval, or offensive gestures toward law enforcement officers without being subjected to retaliation.

**RESPONSE:** Admit.

Respectfully submitted,

*/s/ Jeffrey C. Mando*

Jeffrey C. Mando, Esq. (#43548)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200

*Attorney for Defendant, Jacob Ganshirt*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing will be served electronic mail on this **27th** day of August, 2025, upon the following:

Mr. Jeremy Spencer
1891 Grovepoint Drive
Florence, KY 41042

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.