**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00144-DLB**

**JEREMY SPENCER** **PLAINTIFF**

**v.**

**JACOB GANSHIRT** **DEFENDANT**

---

**DEFENDANT, JACOB GANSHIRT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

---

The Defendant, Jacob Ganshirt, by and through counsel, pursuant to Civil Rules 33 and 34, for his Objections and Answers to Plaintiff's Second Set of Interrogatories, states as follows:

## PRELIMINARY STATEMENTS

1. Defendant reserves all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding, or the trial of this or any other action.

2. Defendant reserves the right to object to the use of these responses or the subject matter thereof in any subsequent proceeding, or in the trial of this or any other action on any grounds.

3. Defendant reserves the right to object to any further or subsequent responses made to these or any other requests or other discovery involving or relating to the subject matter of the requests responded to herein.

4. Defendant reserves the right at any time to revise, correct, add to or clarify any of the responses propounded below.

## GENERAL OBJECTIONS

1. Defendant objects generally to the numbered list of instructions and definitions contained in the Discovery Requests to the extent they attempt to impose obligations beyond the permissible scope of Federal Civil Rules 26, 33, and 34 and/or are otherwise improper, and undertakes no duties beyond those specified in the Federal Civil Rules or Local Rules of Court.

2. Defendant objects to the Discovery Requests to the extent they violate Federal Civil Rule 26 in that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, nor are they proportional to the needs of the case.

3. Defendant objects to each Discovery Request and part thereof to the extent they call for answers disclosing information or documents protected by (a) the attorney-client privilege; (b) the work product doctrine; (c) any privilege relating to confidential information or trade secrets; (d) the right of privacy; and, (e) any other privilege. Any inadvertent disclosure of privileged information shall not waive those privileges.

4. Defendant objects to the Discovery Requests to the extent they seek information or documents not in its possession, custody, or control.

5. Defendant objects to the Discovery Requests that are premature. Defendant specifically reserves the right to introduce additional information uncovered in the discovery process or otherwise. Defendant agrees to provide any such additional information to Defendant in a timely fashion consistent with the requirements of the Federal Civil Rules and Local Rules of Court.

6. Defendant objects to the Discovery Requests to the extent they seek information subject to trade secret protection or that is otherwise confidential or proprietary. Such information will be produced only subject to the terms of an appropriate protective order.

7. Defendant objects to the Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8. Defendant objects to the Discovery Requests that seek documents or information already in Plaintiffs' possession, custody or control, or documents or information equally available to Plaintiffs, on the grounds that such requests are unduly burdensome, oppressive and harassing.

9. Defendant objects to the Discovery Requests that seek discovery of electronically stored information when production of such electronically stored information imposes undue burden or expense.

10. Defendant incorporates each of these general objections into each of the specific responses to the Discovery Requests below.

## INTERROGATORIES

1. Describe to the best of your recollection your physical location, position, and activity at the moment you first observed Plaintiff on or about September 27, 2023. Please include the name of the road you were on, the direction of travel (if any), whether your vehicle was moving or stationary, and what task or activity you were engaged in (e.g., driving, monitoring traffic, writing a report, etc.).

**ANSWER:** Objection. The Interrogatory is compound and calls for a narrative response that is best suited for deposition. Without waiving the objection, Defendant states as follows:

I was traveling south on Oakbrook Road coming from KY-18. I approached the first 4-way stop sign at the intersection of Oakbrook and Short Limaburg Road and observed a black mid-size vehicle driving north on Oakbrook Road approaching the same intersection. There were no other cars in the area at the time. I was conducting a routine patrol of the district I was assigned to that day.

2. Describe any individuals you personally observed to be present on foot along or near the roadside at the time and location when Plaintiff allegedly committed the offense of "careless driving." If you observed no such persons, please state that. If known, include any identifying features or information.

**ANSWER:** Defendant does not recall if any pedestrians were at the location of the traffic stop.

3. Describe the approximate number and general type (e.g., passenger car, SUV, truck) of any automobile that you observed within visual range during the timeframe of Plaintiff's alleged "careless driving." If possible, describe their direction of travel, proximity to Plaintiff, and any interactions with his vehicle. If you observed no other vehicles, please state so.

**ANSWER:** While there was vehicular traffic in the area, Defendant does not recall the specific vehicles that passed by just before or during the traffic stop.

4. Describe all steps you took during or after the "traffic stop" to investigate the possibility that Plaintiff's alleged driving behavior may have been caused by impairment, distraction, mechanical failure, medical conditions, or any other lawful or unintentional cause. Include whether any questions were asked, observations made, or examinations conducted.

**ANSWER:** Objection. The Interrogatory is compound and calls for a narrative response that is best suited for deposition. Without waiving the objection, Defendant states:

Relying on my experience and training over the entirety of my career, I did not detect an odor of alcohol coming from inside Mr. Spencer's vehicle. I did not see any open containers visible from my vantage point at his driver side door window. Mr. Spencer was able to answer my questions, albeit with short responses. I asked if a K-9 unit was available in the county for an attempted free air sniff of the vehicle in order to rule out any narcotics contributing to his poor driving but there were none available in the county. A neighboring county I believe had a K-9 unit available, but was too far away and would have delayed my traffic stop.

5. Identify any electronic, digital devices, or computer software that were on your person, within your patrol vehicle, or otherwise accessible to you during the stop that are capable of transmitting or recording location-based data (e.g., GPS, GIS). Include, if known, the general description (e.g., in-car computer, mobile device), and whether any such data was recorded or preserved for the relevant time period.

**ANSWER:** Defendant's MDT/department issued cruiser has GPS functionality. Defendant is not be able to provide information as to whether any data was recorded or preserved.

6. Describe with specificity each factual observation or circumstance that, at the time of your decision to initiate a traffic stop on or about September 27, 2023, you believed supported your reasonable suspicion or belief that Plaintiff had committed or was committing a traffic violation. Please detail the particular conduct observed, the time and location of each observation, and how those observations influenced your decision to initiate the stop.

**ANSWER:** Objection. The Interrogatory is compound and calls for a lengthy narrative response that is best suited for deposition. Without waiving the objection, see Defendant's Body Worn Camera video and Uniform Citation.

7. In addition to any factual observations described in your prior responses, please identify and explain any legal or administrative authority you relied upon, other than reasonable articulable suspicion or probable cause, that you believed authorized you to stop of the Plaintiff on September 27, 2023. If none, please so state.

**ANSWER:** None.

Respectfully submitted,

*/s/ Jeffrey C. Mando*

Jeffrey C. Mando, Esq. (#43548)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200

*Attorney for Defendant, Jacob Ganshirt*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing will be served electronic mail on this **12th** day of August, 2025, upon the following:

Mr. Jeremy Spencer
1891 Grovepoint Drive
Florence, KY 41042

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

**VERIFICATION**

I, JACOB GANSHIRT, verify that I have read the foregoing Objections and Answers to Plaintiff's Second Set of Interrogatories and that all of the facts and statements therein are true and correct to the best of my knowledge and belief.

JACOB GANSHIRT

COMMONWEALTH OF KENTUCKY )
) ss
COUNTY OF Kenton )

Sworn to before me and subscribed in my presence by JACOB GANSHIRT, this 12 day of August, 2025.

NOTARY PUBLIC

My Commission Expires: ____________

ID#: ____________

RACHEL T. ENGEL
MY COMM. EXPIRES 08/17/2028
NOTARY PUBLIC
ID # KYNP11771
STATE AT LARGE, KENTUCKY