**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00144-DLB**

**JEREMY SPENCER** **PLAINTIFF**

**v.**

**JACOB GANSHIRT** **DEFENDANT**

---

**DEFENDANT, JACOB GANSHIRT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S THIRD SET OF INTERROGATORIES**

---

The Defendant, Jacob Ganshirt, by and through counsel, pursuant to Civil Rule 33, for his Objections and Answers to Plaintiff's Third Set of Interrogatories, states as follows:

**PRELIMINARY STATEMENTS**

1. Defendant reserves all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding, or the trial of this or any other action.

2. Defendant reserves the right to object to the use of these responses or the subject matter thereof in any subsequent proceeding, or in the trial of this or any other action on any grounds.

3. Defendant reserves the right to object to any further or subsequent responses made to these or any other requests or other discovery involving or relating to the subject matter of the requests responded to herein.

4. Defendant reserves the right at any time to revise, correct, add to or clarify any of the responses propounded below.

## GENERAL OBJECTIONS

1. Defendant objects generally to the numbered list of instructions and definitions contained in the Discovery Requests to the extent they attempt to impose obligations beyond the permissible scope of Federal Civil Rules 26, 33, and 34 and/or are otherwise improper, and undertakes no duties beyond those specified in the Federal Civil Rules or Local Rules of Court.

2. Defendant objects to the Discovery Requests to the extent they violate Federal Civil Rule 26 in that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, nor are they proportional to the needs of the case.

3. Defendant objects to each Discovery Request and part thereof to the extent they call for answers disclosing information or documents protected by (a) the attorney-client privilege; (b) the work product doctrine; (c) any privilege relating to confidential information or trade secrets; (d) the right of privacy; and, (e) any other privilege. Any inadvertent disclosure of privileged information shall not waive those privileges.

4. Defendant objects to the Discovery Requests to the extent they seek information or documents not in its possession, custody, or control.

5. Defendant objects to the Discovery Requests that are premature. Defendant specifically reserves the right to introduce additional information uncovered in the discovery process or otherwise. Defendant agrees to provide any such additional information to Defendant in a timely fashion consistent with the requirements of the Federal Civil Rules and Local Rules of Court.

6. Defendant objects to the Discovery Requests to the extent they seek information subject to trade secret protection or that is otherwise confidential or proprietary. Such information will be produced only subject to the terms of an appropriate protective order.

7. Defendant objects to the Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8. Defendant objects to the Discovery Requests that seek documents or information already in Plaintiffs' possession, custody or control, or documents or information equally available to Plaintiffs, on the grounds that such requests are unduly burdensome, oppressive and harassing.

9. Defendant objects to the Discovery Requests that seek discovery of electronically stored information when production of such electronically stored information imposes undue burden or expense.

10. Defendant incorporates each of these general objections into each of the specific responses to the Discovery Requests below.

## INTERROGATORIES

1. State the exact location, relative to your first observation of Plaintiff, at which you observed Plaintiff's vehicle first made contact with or crossed the white fog line and state the number of times you personally observed such crossing(s) if multiple.

**ANSWER:** I first observed the Plaintiff's vehicle in the area just north of Day One Drive on Aero Parkway.

2. For the moment(s) identified in your response to Interrogatory No. 1 (state above), state your position and direction of travel relative to Plaintiff's vehicle. Indicate the direction of travel your (defendant's) vehicle and that of Plaintiff's.

**ANSWER:** Both vehicles were traveling north on Aero Parkway.

3. According to Ganshirt's answer in the interrogatories sent on 7-28-25, in reference to No. 1, Ganshirt indicates that he and Plaintiff were traveling in opposite direction this implying a U turn had to be conducted by Ganshirt. Relative to your first observation of Plaintiff, state the exact time and/or location on the road at which you performed any U-turn, change of direction, or reverse maneuver.

**ANSWER:** I do not know the exact time but for an approximate time, see the time listed on the Uniform Citation previously produced.

4. For the moment identified in your response to Interrogatory No. 3., state the specific observed conduct by Plaintiff that you observed prompted you to perform that maneuver.

**ANSWER:** Objection. The Interrogatory is duplicative of prior Discovery Requests. Without waiving the objection, please see Defendant's prior Discovery Responses including, but not limited to, the Uniform Citation.

5. Identify each alleged instance of 'erratic driving' by Plaintiff on September 27, 2023, with approximate time and/or location and description of the conduct observed (other than veering over white fog line).

**ANSWER:** Objection. The Interrogatory is duplicative of prior Discovery Requests. Without waiving the objection, please see Defendant's prior Discovery Responses including, but not limited to, the Uniform Citation. In addition, and

without waiving the objection, Plaintiff's vehicle was observed several times driving on the fog line or over the fog line in the right-hand emergency lane.

6. State the exact location, where you activated your emergency lights to initiate the traffic stop of Plaintiff, and the location where Plaintiff's vehicle came to a complete stop.

**ANSWER:** Emergency lights were activated on Aero Parkway just north of Day One Drive.

Respectfully submitted,

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq. (#43548)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200

*Attorney for Defendant, Jacob Ganshirt*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing will be served electronic mail on this **27th** day of August, 2025, upon the following:

Mr. Jeremy Spencer
1891 Grovepoint Drive
Florence, KY 41042

***/s/ Jeffrey C. Mando***
Jeffrey C. Mando, Esq.

**VERIFICATION**

I, JACOB GANSHIRT, verify that I have read the foregoing Objections and Answers to Plaintiff's Third Set of Interrogatories and that all of the facts and statements therein are true and correct to the best of my knowledge and belief.

JACOB GANSHIRT

COMMONWEALTH OF KENTUCKY )
) ss
COUNTY OF Kenton )

Sworn to before me and subscribed in my presence by JACOB GANSHIRT, this 27th day of August, 2025.

NOTARY PUBLIC

My Commission Expires: __________

ID#: __________

CHRISTINA WALKLEY
MY COMM. EXPIRES 06.02.2028
NOTARY PUBLIC
ID # KYNP8153
STATE AT LARGE, KENTUCKY