**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00144-DLB**

**JEREMY SPENCER** **PLAINTIFF**

**v.**

**JACOB GANSHIRT** **DEFENDANT**

---

**DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

The Defendant, Jacob Ganshirt, by and through counsel, pursuant to Civil Rules 33 and 34, for his Objections and Answers to Plaintiff's First Set of Interrogatories, states as follows:

**PRELIMINARY STATEMENTS**

1. Defendant reserves all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding, or the trial of this or any other action.

2. Defendant reserves the right to object to the use of these responses or the subject matter thereof in any subsequent proceeding, or in the trial of this or any other action on any grounds.

3. Defendant reserves the right to object to any further or subsequent responses made to these or any other requests or other discovery involving or relating to the subject matter of the requests responded to herein.

4. Defendant reserves the right at any time to revise, correct, add to or clarify any of the responses propounded below.

**GENERAL OBJECTIONS**

1. Defendant objects generally to the numbered list of instructions and definitions contained in the Discovery Requests to the extent they attempt to impose obligations beyond the permissible scope of Federal Civil Rules 26, 33, and 34 and/or are otherwise improper, and undertakes no duties beyond those specified in the Federal Civil Rules or Local Rules of Court.

2. Defendant objects to the Discovery Requests to the extent they violate Federal Civil Rule 26 in that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each Discovery Request and part thereof to the extent they call for answers disclosing information or documents protected by (a) the attorney-client privilege; (b) the work product doctrine; (c) any privilege relating to confidential information or trade secrets; (d) the right of privacy; and, (e) any other privilege. Any inadvertent disclosure of privileged information shall not waive those privileges.

4. Defendant objects to the Discovery Requests to the extent they seek information or documents not in its possession, custody, or control.

5. Defendant objects to the Discovery Requests that are premature. Defendant specifically reserves the right to introduce additional information uncovered in the discovery process or otherwise. Defendant agrees to provide any such additional information to Defendant in a timely fashion consistent with the requirements of the Federal Civil Rules and Local Rules of Court.

6. Defendant objects to the Discovery Requests to the extent they seek information subject to trade secret protection or that is otherwise confidential or

proprietary. Such information will be produced only subject to the terms of an appropriate protective order.

7. Defendant objects to the Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8. Defendant objects to the Discovery Requests that seek documents or information already in Plaintiffs' possession, custody or control, or documents or information equally available to Plaintiffs, on the grounds that such requests are unduly burdensome, oppressive and harassing.

9. Defendant objects to the Discovery Requests that seek discovery of electronically stored information when production of such electronically stored information imposes undue burden or expense.

10. Defendant incorporates each of these general objections into each of the specific responses to the Discovery Requests below.

## INTERROGATORIES

1. Identify with specificity all reasons, observations, facts, or circumstances that led you to initiate a traffic stop of Plaintiff, Jeremy Spencer, on September 27, 2023, including but not limited to any observed traffic violations, statements made by Plaintiff, or behaviors you believed justified a lawful seizure. In your answer, identify any documents, video footage, or audio recordings that support or relate to your stated basis for the stop, and provide the names and contact information of any individuals who witnessed the events or were consulted before or after the stop.

**ANSWER:** Objection. The Interrogatory is compound and calls for a lengthy narrative response which is best suited to a deposition. Without waiving the objection, see the Uniform Citation and Ganshirt body worn camera video attached and Bates-labeled DEF000001 – DEF000002.

2. State whether you were aware that Plaintiff Jeremy Spencer made a non-verbal gesture (specifically, extending his middle finger) in your direction on September 27, 2023, and explain whether this gesture influenced your decision to initiate a traffic stop. If so, describe how it factored into your decision, and cite any department policies, training, or legal authority you relied on to justify the stop.

**ANSWER:** Objection. The Interrogatory is compound and calls for a lengthy narrative response which is best suited to a deposition. Without waiving the objection, while Defendant observed Plaintiff's gesture, it did not influence Defendant's decision to initiate a traffic stop. The nature of Plaintiff's actions, and his failure to maintain his lane of travel, are indicators of careless driving and that he may be under the influence of drugs and/or alcohol. See Uniform Citation and Ganshirt body worn camera video attached in Answer to Interrogatory No. 1.

3. Describe all training you have received from the Boone County Sheriff's Office or any other law enforcement training body concerning the First Amendment rights of citizens to engage in non-verbal or expressive conduct, including gestures perceived as offensive.

**ANSWER:** See Training Transcript attached and Bates-labeled DEF000003 – DEF000004.

4. Identify all reports, field notes, citations, or electronic entries you created or contributed to regarding the September 7, 2023 traffic stop involving Plaintiff, and state whether you filed, submitted, or transmitted any of those documents to a superior officer, dispatcher, prosecutor, or the court. For each document, provide the date created, its current custodian, and whether it was sworn under oath or signed under penalty of perjury.

**ANSWER:** Objection. The Interrogatory is compound. Without waiving the objection, see Uniform Citation.

5. State whether any audio or video recordings exist of your communications with dispatch or other officers regarding Plaintiff's vehicle or the traffic stop that occurred on September 27, 2023. If such recordings exist, identify the format, length, custodian, and whether you reviewed the recordings prior to responding to this interrogatory or preparing your defense in this case.

**ANSWER:** Any dispatch audio would be maintained by the Boone County Public Safety Communications Center. See Ganshirt body worn camera video attached in Answer to Interrogatory No. 1.

6. Describe in detail any complaints, investigations, internal affairs inquiries, or disciplinary actions involving you within the past five (5) years that relate to traffic stops, retaliatory conduct, or improper citation practices. Include the date, nature of the complaint, outcome, and name of the investigating entity.

**ANSWER:** None.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All camera footage (dash cam/body cam) from any law enforcement vehicle involved in the same incident.

**RESPONSE:** See Ganshirt body worn camera video attached in Answer to Interrogatory No. 1.

2. All audio recordings of communications with dispatch or other officers regarding Plaintiff Jeremy Spencer between 8:45 a.m. and 10:30 a.m. on September 27, 2023.

**RESPONSE:** Defendant does not possess documents responsive to this Request. All dispatch recordings are maintained by the Boone County Public Safety Communications Center.

3. A complete and unredacted copy of the citation issued to Plaintiff, including any drafts, digital entries, or related paperwork.

**RESPONSE:** See Uniform Citation attached in Answer to Interrogatory No. 1.

4. Any incident or field report, narrative statement, officer notes, or supplemental records created by you or on your behalf relating to the September 27, 2023 stop.

**RESPONSE:** None.

5. Any training materials, manuals, policies, or acknowledgment forms you received or signed regarding First Amendment rights, retaliatory conduct, and discretionary traffic stops.

**RESPONSE:** See Answer to Interrogatory No. 3.

6. Your official oath of office and bond/insurance agreement/indemnity policy documentation as required under KRS §70.030, 70.010, 62.060, and 62.020.

**RESPONSE:** Defendant does not possess documents responsive to this Request.

7. Records showing your vehicle assignment on September 27, 2023, including license plate, make, model, and identifying unit number, with supporting documents that said vehicle was assigned or utilized by Ganshirt.

**RESPONSE:** Defendant does not possess documents responsive to this Request.

8. GPS tracking data or location records for your assigned vehicle, cell phone, computer, or other electronical device on the officer or in the vehicle between 8:30 a.m. and 10:30 a.m. on September 27, 2023.

**RESPONSE:** Defendant does not possess documents responsive to this Request.

9. Any internal communications, emails, or messages referring to Plaintiff, the citation issued, or related court proceedings.

**RESPONSE:** Objection. Defendant objects to the extent this Request seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product. Without waiving the objection, see documents attached and Bates-labeled DEF000005 – DEF000007.

10. Any internal affairs complaints, investigations, or disciplinary records involving you in the past five (5) years relating to traffic stops, retaliation, or abuse of discretion.

**RESPONSE:** Defendant does not possess documents responsive to this Request.

11. All documents Ganshirt reviewed, referred to, or relied upon in preparing your Answer to any defense in this case.

**RESPONSE:** Objection. The Request seeks the disclosure of information protected by the attorney-client privilege and/or attorney work product.

Respectfully submitted,

*/s/ Jeffrey C. Mando*

Jeffrey C. Mando, Esq. (#43548)
Casmir M. Thornberry, Esq. (#100623)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200

*Attorneys for Defendant, Jacob Ganshirt*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing will be served electronic mail on this **14th** day of July, 2025, upon the following:

Mr. Jeremy Spencer
1891 Grovepoint Drive
Florence, KY 41042

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

**VERIFICATION**

I, JACOB GANSHIRT, verify that I have read the foregoing Objections and Answers to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents and that all of the facts and statements therein are true and correct to the best of my knowledge and belief.

[signature]
JACOB GANSHIRT

COMMONWEALTH OF KENTUCKY )
) ss
COUNTY OF Kenton )

Sworn to before me and subscribed in my presence by JACOB GANSHIRT, this 14th day of July, 2025.

[signature: Christina Walkley]
NOTARY PUBLIC

My Commission Expires: ______________

ID#: ______________________________

CHRISTINA WALKLEY
MY COMM. EXPIRES 06.02.2028
NOTARY PUBLIC
ID # KYNP8153
STATE AT LARGE, KENTUCKY