**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**COVINGTON DIVISION**
**CASE NO. 2:24-CV-00144-DLB**

**JEREMY SPENCER** **PLAINTIFF**

**v.**

**JACOB GANSHIRT** **DEFENDANT**

---

**DEFENDANT, JACOB GANSHIRT'S OBJECTIONS AND ANSWERS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR ADMISSIONS, THIRD SET OF INTERROGATORIES[1] AND SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

---

The Defendant, Jacob Ganshirt, by and through counsel, pursuant to Civil Rule 33 and 36, for his Objections and Answers to Plaintiff's Second Set of Requests for Admissions, Third Set of Interrogatories and Second Set of Requests for Production of Documents, states as follows:

**PRELIMINARY STATEMENTS**

1. Defendant reserves all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose in any subsequent proceeding, or the trial of this or any other action.

2. Defendant reserves the right to object to the use of these responses or the subject matter thereof in any subsequent proceeding, or in the trial of this or any other action on any grounds.

[1] Plaintiff served discovery on August 15, 2025 labeled Plaintiff's Third Set of Interrogatories. Accordingly, these are Plaintiff's Fourth Set of Interrogatories.

3. Defendant reserves the right to object to any further or subsequent responses made to these or any other requests or other discovery involving or relating to the subject matter of the requests responded to herein.

4. Defendant reserves the right at any time to revise, correct, add to or clarify any of the responses propounded below.

**GENERAL OBJECTIONS**

1. Defendant objects generally to the numbered list of instructions and definitions contained in the Discovery Requests to the extent they attempt to impose obligations beyond the permissible scope of Federal Civil Rules 26, 33, and 34 and/or are otherwise improper, and undertakes no duties beyond those specified in the Federal Civil Rules or Local Rules of Court.

2. Defendant objects to the Discovery Requests to the extent they violate Federal Civil Rule 26 in that they seek information or documents that are not relevant or reasonably calculated to lead to the discovery of admissible evidence, nor are they proportional to the needs of the case.

3. Defendant objects to each Discovery Request and part thereof to the extent they call for answers disclosing information or documents protected by (a) the attorney-client privilege; (b) the work product doctrine; (c) any privilege relating to confidential information or trade secrets; (d) the right of privacy; and, (e) any other privilege. Any inadvertent disclosure of privileged information shall not waive those privileges.

4. Defendant objects to the Discovery Requests to the extent they seek information or documents not in its possession, custody, or control.

5. Defendant objects to the Discovery Requests that are premature. Defendant specifically reserves the right to introduce additional information uncovered in the discovery process or otherwise. Defendant agrees to provide any such additional information to Defendant in a timely fashion consistent with the requirements of the Federal Civil Rules and Local Rules of Court.

6. Defendant objects to the Discovery Requests to the extent they seek information subject to trade secret protection or that is otherwise confidential or proprietary. Such information will be produced only subject to the terms of an appropriate protective order.

7. Defendant objects to the Discovery Requests to the extent that they call for legal conclusions or otherwise attempt to re-cast legal issues as factual matters.

8. Defendant objects to the Discovery Requests that seek documents or information already in Plaintiffs' possession, custody or control, or documents or information equally available to Plaintiffs, on the grounds that such requests are unduly burdensome, oppressive and harassing.

9. Defendant objects to the Discovery Requests that seek discovery of electronically stored information when production of such electronically stored information imposes undue burden or expense.

10. Defendant incorporates each of these general objections into each of the specific responses to the Discovery Requests below.

**SECOND REQUESTS FOR ADMISSIONS**

1. Admit or deny that while traveling in the opposite direction of Plaintiff on Oakbrook Road, you observed Plaintiff make a hand gesture directed toward you.

**RESPONSE:** Admit, but the hand gesture was not the reason for the traffic stop.

2. Admit or deny that the gesture described in Request No. 1 occurred estimate ten (10) minutes, or less, prior to the traffic stop conducted on or about September 27, 2023.

**RESPONSE:** Admit, but the hand gesture was not the reason for the traffic stop.

3. Admit or deny that you observed the gesture described in Request No. 1 prior to the time you claim Plaintiff's vehicle allegedly touched or veered over the right fog line.

**RESPONSE:** Admit, but the hand gesture was not the reason for the traffic stop.

4. Admit or deny that before the time you allege Plaintiff's vehicle touched or veered over the right fog line, you did not observe any other specific driving behavior that you considered a traffic infraction.

**RESPONSE:** Admit, but Plaintiff's behavior warranted further investigation.

5. Admit or deny that after observing the gesture described in Request No. 1, you turned your patrol vehicle around or otherwise changed direction to follow Plaintiff's vehicle.

**RESPONSE:** Admit, but the hand gesture was not the reason for the traffic stop.

6. Admit or deny that after turning your vehicle to follow Plaintiff, you remained behind Plaintiff's vehicle for more than one minute before initiating the traffic stop.

**RESPONSE:** Admit.

7. Admit or deny that at no point during your interaction with Plaintiff did you observe any indicators of impairment such as slurred speech, odor of alcohol, or glassy eyes.

**RESPONSE:** Admit, but Plaintiff's behavior warranted further investigation.

8. Admit or deny that after observing Plaintiff's gesture, you turned your patrol vehicle around or otherwise executed a U-turn to position yourself behind Plaintiff's vehicle.

**RESPONSE:** Admit, but the hand gesture was not the reason for the traffic stop.

9. Admit or deny that prior to making a U-turn, you did not observe any signs of impaired, distracted driving or traffic violations by Plaintiff.

**RESPONSE:** Objection. The Request is duplicative. See Response to Request No. 7.

10. Admit or deny that prior to and up to making the U-turn, you observed Plaintiff's non-verbal gesture.

**RESPONSE:** Objection. The Request is duplicative. See Response to Request Nos. 1 and 5.

11. Admit or deny that your decision to make a U-turn occurred after you observed Plaintiff's non-verbal gesture.

**RESPONSE:** Objection. The Request is duplicative. See Response to Request No. 5.

12. Admit or deny that, if Plaintiff did not display his middle finger, you would not have turned your vehicle around and initiated pursuit.

**RESPONSE:** Deny. Defendant did not initiate a pursuit.

**THIRD INTERROGATORIES**

1. State the point or stage in the sequence of events during your encounter with Plaintiff on September 27, 2023, at which you first personally observed Plaintiff extend a middle-finger gesture in your direction.

a. The approximate position of your vehicle and Plaintiff's vehicle at that stage,
b. The road name or intersection where the observation occurred, and
c. What, if anything, occurred immediately before and after the gesture.

**ANSWER:** Objection. The Interrogatory calls for a narrative response best suited for deposition. Without waiving the objection, Defendant states as follows:

Defendant was operating his marked BCSO cruiser south on Oakbrook Drive approaching the intersection of Limaburg Road (4-way stop sign intersection) which Plaintiff's vehicle was operating north on Oakbrook Drive approaching the same intersection. Defendant observed Plaintiff's vehicle for a few seconds prior to coming to a stop at the intersection. Defendant observed Plaintiff pulling his body up over the steering wheel of his vehicle as he was operating it approaching the stop sign and aggressively banging his hand against the inner windshield displaying a middle finger in Defendant's direction. At the same time, Plaintiff stared in Defendant's direction (Defendant was the only other vehicle in the area), and screamed "fuck you" several times. Due to the extremely bizarre and outrageous behavior that had never been displayed towards Defendant in this manner by a motorist operating a vehicle, Defendant suspected Plaintiff might be under the influence of alcohol/drugs and conducted a U-turn in the intersection of Oakbrook Drive/Limaburg Road in order to further observe Plaintiff's operation of his motor vehicle.

2. For the event identified in your response to Interrogatory No. 1, describe your location relative to Plaintiff's vehicle, including:

a. The name of the road or intersection where each vehicle was located,
b. The direction of travel for both vehicles at that stage, and
c. Whether your patrol vehicle and Plaintiff's vehicle were traveling in the same or opposite directions at the time you observed the gesture.

**ANSWER:** See Answer to Interrogatory No. 1.

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents, manuals, policies, memoranda, or training materials in effect on September 27, 2023, that define, describe, or classify "careless driving" under KRS 189.290, including but not limited to:

a. Any materials identifying whether the offense is classified as civil, criminal, administrative, or penal;
b. Any documents describe the enforcement category or citation process for careless driving;
c. Any law enforcement training bulletins, legal updates, or internal directives issued by the Boone County Sheriff's Office, the Kentucky State Police, or the Kentucky Justice and Public Safety Cabinet that address the classification or handling of careless driving violations; and
d. Any guidance or reference materials relied upon by Defendant in determining the nature of the offense when issuing Plaintiff's citation.

**RESPONSE:** Defendant does not possess documents responsive to this Request.

2. Produce a complete and unaltered, not redacted copy of the video recording and written transcript of Plaintiff's deposition, including the errata sheet and any accompanying correspondence, exhibits, or documents generated in connection with that deposition.

**RESPONSE:** Objection. The Civil Rules do not require Defendant to provide Plaintiff with a free copy of the deposition transcript, exhibits and any other deposition related documents. Plaintiff may order a copy of his transcript, exhibits and any other corresponding documents directly from the court reporter – Barlow Reporting & Video Services.

Respectfully submitted,

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq. (#43548)
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011
p: 859.394.6200 | f: 859.392.7200

*Attorney for Defendant, Jacob Ganshirt*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing will be served electronic mail on this **12th** day of December, 2025, upon the following:

Mr. Jeremy Spencer
1891 Grovepoint Drive
Florence, KY 41042
[illegible]

*/s/ Jeffrey C. Mando*
Jeffrey C. Mando, Esq.

**VERIFICATION**

I, JACOB GANSHIRT, verify that I have read the foregoing Objections and Answers to Plaintiff's Third Set of Interrogatories and that all of the facts and statements therein are true and correct to the best of my knowledge and belief.

JACOB GANSHIRT

COMMONWEALTH OF KENTUCKY )
) ss
COUNTY OF Kenton )

Sworn to before me and subscribed in my presence by JACOB GANSHIRT, this 12th day of December, 2025.

Christina Walkley
NOTARY PUBLIC

CHRISTINA WALKLEY MY COMM. EXPIRES 06.02.2028 NOTARY PUBLIC ID # KYNP8153 STATE AT LARGE, KENTUCKY

My Commission Expires: ______

ID#: ______