**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL CASE NO. 24-144-DLB-CJS**

**JEREMY SPENCER** **PLAINTIFF**

**v.** **ORDER**

**JACOB GANSHIRT** **DEFENDANT**

*** *** *** ***

This matter is before the Court upon Plaintiff Jeremy Spencer's Motion to Alter or Amend Judgment. (Doc. # 101). Defendant Jacob Ganshirt filed a Response (Doc. # 104), and Spencer filed a Reply (Doc. # 105). Accordingly, the Motion is ripe for review. For the following reasons, Spencer's Motion is **denied**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case stems from a traffic stop that took place on September 27, 2023, in Boone County Kentucky. The Court will not restate in detail the relevant facts, as they were set forth fully in Magistrate Judge Stinnett's Report and Recommendation ("R&R") (Doc. # 96) and reiterated in the Court's June 19, 2026 Order (Doc. # 99). However, a brief summary is instructive.

On September 27, 2023, Boone County Sheriff's Deputy Jacob Ganshirt observed Plaintiff as the two parties' vehicles came to opposite sides of the four-way intersection between Oakbrook Drive and Limaburg Road. (Doc. # 96 at 2). Spencer began banging his hand against the windshield of his vehicle, which garnered Ganshirt's attention. (*Id.*). Then, Spencer displayed his middle finger and shouted "fuck you" several times in

Ganshirt's direction. (*Id.*). This behavior led Ganshirt to suspect that Spencer may have been under the influence of drugs or alcohol, so Ganshirt performed a U-turn and followed Spencer. (Doc. # 99 at 2). According to Ganshirt, as he drove behind Spencer's vehicle, he observed it "veer[] over the white right fog line into the shoulder of the roadway for a few seconds on two occasions[.]" (Doc. # 86-1 at 1). So, Ganshirt initiated a traffic stop. (*Id.*).

After approaching the driver's side window, Ganshirt informed Spencer that he had been pulled over because he crossed the white fog line. (Doc. # 88 at 58:8-12). Spencer replied that he was "probably sneezing." (*Id.* at 58:16-19). Because Ganshirt did not smell alcohol or notice any open containers and because there was no K-9 narcotics detection unit nearby, Ganshirt prepared a citation for careless driving in violation of KRS § 189.290 and returned to Spencer's vehicle. (Doc. # 99 at 2-3). After handing Spencer the citation, Ganshirt said, "The only thing I would suggest is, if you don't want to draw attention to yourself, don't flick me off. Have a good day." (Doc. # 89 at 09:50-09:58). Then, Ganshirt returned to his cruiser and both parties left the scene of the stop. (Doc. # 99 at 3).

Spencer initiated this action on September 12, 2024. (Doc. # 1). On April 2, 2025, Spencer filed his Amended Complaint, which brought two claims under 42 U.S.C. § 1983—one for violation of his First Amendment rights and one alleging unlawful seizure in violation of the Fourth Amendment. (Doc. # 27). Spencer moved for summary judgment on these claims on January 5, 2026. (Doc. # 85). Ganshirt filed a combined Motion for Summary Judgment and Response to Spencer's Motion on January 20, 2026. (Doc. # 86). On April 29, 2026, Judge Stinnett issued his R&R, recommending that the

Court grant Ganshirt's Motion for Summary Judgment and deny Spencer's Motion. (Doc. # 96). Spencer timely filed objections (Doc. # 97), and Ganshirt responded (Doc. # 98). Then, on June 19, 2026, this Court issued a Memorandum Order overruling Spencer's objections, adopting the R&R, and dismissing the action. (Doc. # 99).

On July 10, 2026, Spencer filed a Motion to Alter or Amend the Court's Order pursuant to Federal Rule of Civil Procedure 59(e).[1] (Doc. # 101). Ganshirt filed a Response in Opposition (Doc. # 104), Spencer filed a Reply (Doc. # 105), and this matter is ripe for the Court's review.

## II. DISCUSSION

### A. Legal Standard

"The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (internal quotation marks omitted). That said, "[t]he circumstances under which a district court may grant a Rule 59(e) motion are limited." *Robbins v. Saturn Corp.*, 532 F. App'x 623, 632 (6th Cir. 2013). Indeed, a Rule 59(e) motion may only be granted: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling law; or (4) to otherwise prevent manifest injustice. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Whether to grant a Rule 59(e) motion "is within the informed discretion of the district court, reversible only for abuse." *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009); *see also Leisure Caviar v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612,

---

[1] Spencer also filed a simultaneous Notice of Appeal. (Doc. # 102).

615 (6th Cir. 2010) ("A district court, generally speaking, has considerable discretion in deciding whether to grant [a Rule 59(e)] motion."). But "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment[,]" and the rule "does not permit parties to effectively re-argue a case." *Howard*, 533 F.3d at 475 (internal citations and quotation marks omitted).

**B. Analysis**

Spencer urges this Court to alter its Order overruling his objections and adopting Judge Stinnett's R&R. (Doc. # 101). As a basis, he claims that the Court "treated disputed factual assertions as established, converted Plaintiff's lack of recollection into affirmative proof, read KRS § 189.290 as though it contained a categorical fog-line rule, overread non-binding and fact-specific authority, and then used the resulting probable-cause conclusion to dispose of Plaintiff's First Amendment retaliation claim." (*Id.* at 1). However, none of Spencer's argument provides a basis for the relief he seeks.

To start, the Court has already addressed each of the points Spencer raises in his Motion. For instance, Spencer argues that "the Court clearly erred" when it concluded that undisputed evidence showed that Spencer repeatedly crossed the white fog line. (*Id.* at 2). Spencer bases this argument on the fact that he has never admitted that he crossed the white fog line prior to the traffic stop. (Doc. # 101 at 2-3). Indeed, Spencer has maintained that he cannot recall whether he did or did not cross the white fog line. (*See, e.g.*, *id.*; Doc. # 97 at 2-4). But the Court addressed this very argument in its Order overruling Spencer's objections to the R&R. (Doc. # 99 at 9-10). And the Court found that Ganshirt's account—that Spencer repeatedly crossed the white fog line—constituted the *only* evidence on the point. (*Id.* at 9-10). Spencer's lack of memory cannot create a

genuine issue of material fact. *See Wysong v. City of Heath*, 260 F. App'x 848, 857 (6th Cir. 2008) (holding that where a party "has no memory of the events . . . his testimony cannot be a factor") (quoting *Woods v. Jefferson Cnty. Fiscal Court*, No. 3-01-CV-210-H, 2003 WL 145213, at *5 (W.D. Ky. Jan. 8, 2003)). Although Spencer may disagree with the Court's conclusion on this issue, his disagreement "will not support a Rule 59(e) motion." *Jackson v. Ford Motor Co.*, No. 15-1180, 2016 WL 4533028, at *2 (W.D. Tenn. Mar. 21, 2016).

The same goes for Spencer's assertion that "the Court erred by treating KRS § 189.290 as a categorical fog-line statute." (Doc. # 101 at 4). In his objections to the R&R, Spencer argued that Judge Stinnett improperly read a "per se fog-line rule" into KRS § 189.290. (Doc. # 97 at 5). Again, the Court considered this objection and overruled it. The Court held that Ganshirt had probable cause to initiate a traffic stop because "a driver's repeated failure to maintain his lane—in and of itself—demonstrates a lack of regard for the safety and convenience of other vehicles on the highway." (Doc. # 99 at 11). Thus, the Court did not impose a "categorical fog-line" rule as Spencer maintains. Spencer has failed to identify a clear error of law that would warrant relief under Rule 59(e). Rather, he seeks yet another chance to make the same argument.

Spencer also claims that the Court "clearly erred" by relying on *United States v. Copely*, No. 4:16-cr-10-JHM, 2016 WL 3964070 (W.D. Ky. July 19, 2016), *United States v. Smith*, No. 18-cr-46-DLB, 2019 WL 1756279 (E.D. Ky. April 19, 2019), *aff'd*, No. 19-6448, 2020 WL 7587556 (6th Cir. Sept. 2, 2020), and *Baker v. Commonwealth*,[2] 475 S.W.3d 633 (Ky. App. 2015). (Doc. # 101 at 6-12). Specifically, Spencer argues that the

[2] Although Spencer argues that the Court's reliance on *Baker* was misplaced, the Court did not cite *Baker* in its Order overruling Spencer's objections.

Court erroneously treated these cases "as though they created a categorical fog-line rule." (*Id.* at 6). Not so. *Copley* and *Smith* applied KRS § 189.290 in the context of repeated fog-line crossings. *See Copley*, 2016 WL 3964070, at *2; *Smith*, 2019 WL 1756279, at *3. Accordingly, these cases provide relevant instruction regarding the kind of conduct that gives rise to probable cause that a violation of KRS § 189.290 has occurred. The Court rejects Spencer's assertion that it "overread" these cases to impose a "per se rule under KRS § 189.290." (Doc. # 101 at 12). As discussed above, the Court did not impose such a rule.[3]

Finally, Spencer argues that the Court "clearly erred by using the disputed probable-cause conclusion to dispose of the First Amendment claim." (Doc. # 101 at 14). This argument fails because the Court correctly determined that probable cause existed at the time Ganshirt observed Spencer repeatedly cross the fog line. (Doc. # 99 at 12). Because Ganshirt had probable cause to initiate the stop, Spencer's First Amendment claim fails unless it falls within the narrow exception identified by the Supreme Court in *Nieves v. Bartlett*, 587 U.S. 391, 407 (2019). Spencer did not argue that the *Nieves* exception applied until he filed his objections to the R&R. (Doc. # 99 at 15-16). Nonetheless, the Court properly concluded that the *Nieves* exception would not apply in Spencer's case because Spencer "failed to present objective evidence—statistics, similarly situated comparators, or some other kind of evidence—as required under *Nieves*." (*Id.* at 16 (citation omitted)). Because the Court properly concluded that

[3] Spencer also argues that, even if these cases *did* establish a categorical fog-line rule, such a rule "would itself be legal error." (*Id.*). However, the Court rejects this argument for similar reasons. Reliance on other cases in which courts applied KRS § 189.290 in the context of a probable cause determination is entirely proper. Moreover, the Court did not apply a categorical fog-line rule.

Ganshirt had probable cause to initiate the traffic stop, Spencer has failed to identify a sufficient basis for relief under Rule 59(e). Rather, as with the other arguments raised in his Motion (Doc. # 101), Spencer merely seeks to relitigate issues that have been repeatedly rejected by this Court.

## III. CONCLUSION

Upon review, Spencer merely states his disagreement with the Court's prior determination and attempts to reargue his case. This is an insufficient basis to grant relief under Rule 59(e). *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Thus, for the reasons set forth above,

**IT IS ORDERED** that Plaintiff Jeremy Spencer's Motion to Alter or Amend Judgment (Doc. # 101) is **DENIED**.

This 2nd day of September, 2026.

**Signed By:**

***David L. Bunning*** DB

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-144 Order on Motion to Alter.docx