Eastern District of Kentucky
FILED

SEP 29 2026

AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**JEREMY SPENCER,**
Plaintiff-Appellant,

v.

**JACOB GANSHIRT,**
Defendant-Appellee.

On Appeal from the
United States District Court
Eastern District of Kentucky
Northern Division at Covington

**D.C. No. 2:24-cv-00144-DLB-MAS**

Appeal Case NO___________

# PLAINTIFF-APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL OR LIMITED-SCOPE APPELLATE LEGAL ASSISTANCE

## I. INTRODUCTION

Plaintiff-Appellant Jeremy Spencer, appearing in propria persona and in forma pauperis, respectfully moves this Court to exercise its authority under 28 U.S.C. § 1915(e)(1) to request counsel willing to provide legal assistance in this appeal. The statute provides that "the court may request an attorney to represent any person unable to afford counsel." Exceptional circumstances are present here, and assistance of counsel is warranted.

This motion is specific to the Kentucky action against Deputy Jacob Ganshirt. The appeal concerns the September 27, 2023 traffic stop in Boone County, Kentucky and the district court's disposition of Spencer's First Amendment retaliation and Fourth Amendment seizure claims under 42 U.S.C. § 1983. Spencer principally seeks limited appellate assistance with legal research, record review,

briefing, issue preservation, and procedural guidance while remaining personally involved in the presentation of his case.

## II. LEGAL STANDARD

Section 1915(e)(1) authorizes a federal court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit recognizes that appointment or requested representation in a civil case is justified in "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether exceptional circumstances exist, courts examine "the type of case and the abilities of the plaintiff to represent himself," which generally requires consideration of "the complexity of the factual and legal issues involved." *Id.* at 606.

The Sixth Circuit reaffirmed that standard in *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), explaining that civil appointment is not automatic and depends on exceptional circumstances, including the nature of the case and the litigant's ability to present it. The relevant inquiry therefore is not indigency alone. It is whether the actual legal, factual, and procedural demands of this appeal, measured against Spencer's ability to litigate without trained legal assistance, warrant the Court's exercise of discretion.

## III. EXCEPTIONAL CIRCUMSTANCES EXIST IN THIS KENTUCKY APPEAL

**1. Nature and Merit of the Constitutional Claims.** This appeal concerns two federal civil-rights claims against a single Kentucky law-enforcement officer: First Amendment retaliation based on protected expression and Fourth Amendment unlawful seizure arising from the same traffic stop. The appeal is not a generalized disagreement with an adverse judgment. It presents concrete questions concerning whether disputed historical facts were resolved against Spencer at summary judgment, whether the alleged fog-line conduct established probable cause under KRS § 189.290, and whether a protected middle-finger gesture may be treated as part of the causal chain leading to enforcement. These are substantial constitutional questions supported by an existing district-court record.

**2. Complexity of the Legal Issues.** The appeal requires coordinated analysis of Federal Rule of Civil Procedure 56, Fourth Amendment probable-cause doctrine, Kentucky's careless-driving statute, First Amendment retaliation, qualified immunity, and the relationship between *Nieves v. Bartlett* and a non-arrest traffic stop and citation. The Report and Recommendation itself recognized that neither the Supreme Court nor the Sixth Circuit had decided whether *Nieves* extends to the traffic-stop context. That unresolved doctrinal question is itself evidence that this is not a routine or legally simple pro se appeal.

**3. Record-Intensive Rule 56 Issues.** The appeal turns on close comparison of the deposition transcript, Ganshirt's interrogatory and admission responses, the body-

camera recording, the summary-judgment filings, the Report and Recommendation, the district court's order, and the Rule 59(e) proceedings. Spencer contends that his testimony was treated as though uncertainty amounted to agreement, while Ganshirt's competing recollection was treated as established fact. The appeal also requires careful treatment of materially different descriptions of the alleged fog-line event and the distinction between an alleged fact, a hypothetical possibility, and evidence sufficient to eliminate a genuine dispute. Effective presentation therefore requires sustained record analysis and precise appellate briefing, not merely familiarity with the underlying events.

**4. The Appellate Posture Magnifies the Need for Trained Assistance.** The case has already proceeded through discovery, competing summary-judgment motions, a Report and Recommendation, objections, final judgment, and Rule 59(e) proceedings. On appeal, Spencer is confined to the existing record and must correctly identify standards of review, preserve issues, distinguish factual disputes from legal questions, and present record citations and controlling authority within appellate procedural rules. Errors at this stage cannot simply be cured through new discovery or additional factual development. Counsel would materially improve the Court's ability to receive the issues in their proper legal and record-based form.

**5. One-Sided Access to Trained Legal Resources Compounds the Case-Specific Complexity.** Ganshirt has been represented in this action by experienced

licensed counsel, including Jeffrey C. Mando and Casmir M. Thornberry of Adams Law, PLLC. Spencer is a layperson proceeding in propria persona, without legal education, appellate training, or supporting legal staff. Spencer does not contend that this disparity alone requires counsel. It compounds the exceptional circumstances created by the specific constitutional, evidentiary, statutory, and appellate issues already present in this case.

**6. Inability to Retain Counsel.** The Eastern District of Kentucky previously granted Spencer leave to proceed in forma pauperis in this action. His current financial circumstances are addressed in his updated Affidavit of Indigency and Financial Hardship. He lacks the financial ability to retain appellate counsel. This factor is not offered as a substitute for exceptional circumstances; it establishes why the legal assistance warranted by the case cannot realistically be obtained through ordinary retained representation.

**7. Limited and Focused Request.** Spencer principally requests counsel for appellate legal research, record analysis, briefing, issue preservation, and procedural guidance. He does not seek to surrender control of his claims or factual positions. If the Court's procedures do not permit limited-scope assistance in that form, Spencer requests whatever form of appointment or requested representation the Court deems procedurally available to ensure competent presentation of the appeal.

## IV. ADDITIONAL LEGAL AUTHORITY SUPPORTS EXERCISE OF THE COURT'S DISCRETION

The Sixth Circuit has stated that the appointment decision is committed to judicial discretion and that denial may become reversible where it results in "fundamental unfairness impinging on due process rights." *Lavado*, 992 F.2d at 604-05 (quoting *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992)). That principle matters here because the need for counsel arises from the actual appellate issues: a disputed summary-judgment record, constitutional retaliation and seizure claims, Kentucky statutory interpretation, and an acknowledged unresolved question concerning the reach of *Nieves*.

Spencer also recognizes the limit identified in *Mallard v. U.S. District Court*, 490 U.S. 296, 301-08 (1989): § 1915(e)(1)'s predecessor authorized federal courts to request representation but did not authorize them to compel an unwilling attorney to serve. Spencer therefore asks this Court to exercise its statutory authority to request willing counsel and to provide the form of appointment or limited appellate assistance available under the Court's procedures. The request is strong, but it does not depend on a power the statute does not confer.

## V. CONCLUSION

For the foregoing reasons, Plaintiff-Appellant moves this Court to exercise its authority under 28 U.S.C. § 1915(e)(1) and request counsel willing to assist with this Kentucky civil-rights appeal. The record and legal issues present exceptional

circumstances: disputed Rule 56 fact treatment, a record-intensive probable-cause dispute under KRS § 189.290, First Amendment retaliation, Fourth Amendment seizure, qualified-immunity issues, and an unresolved question concerning the extension of Nieves to a non-arrest traffic stop. Spencer principally seeks limited assistance with legal research, record review, briefing, issue preservation, and procedural guidance, and he remains willing to proceed in propria persona to the extent the Court permits.

Regards,

______________________ Date: 9/29/26

Jeremy Spencer
Beneficiary, without prejudice or recourse
c/o [1891 Grovepointe Dr.]
[Florence, KY 41042]
spencerj2121@yahoo.com

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains fewer than 5,200 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f). It uses a 14-point proportionally spaced serif typeface and one-inch margins.

## CERTIFICATE OF SERVICE

I certify that on 9/29, 2026, I served a true and correct copy of the foregoing Motion for Appointment of Counsel or Limited-Scope Appellate Legal Assistance upon counsel for Defendant-Appellee Jacob Ganshirt by electronic mail and/or any other method required by the Court:

Jeffrey C. Mando, Esq. - jmando@adamsattorneys.com

Casmir M. Thornberry, Esq. - cthornberry@adamsattorneys.com

ADAMS LAW, PLLC

40 West Pike Street

Covington, KY 41011

[signature] Date: 9/29/2026

Jeremy Spencer