**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

Eastern District of Kentucky
FILED
SEP 29 2026
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**JEREMY SPENCER,**
Plaintiff-Appellant,

v.

**JACOB GANSHIRT,**
Defendant-Appellee.

**Appeal No. __________**

On Appeal from the
United States District Court
for the Eastern District of Kentucky
**No. 2:24-cv-00144-DLB-MAS**

# AFFIDAVIT OF INDIGENCY AND FINANCIAL HARDSHIP

## IN SUPPORT OF IN FORMA PAUPERIS STATUS AND WAIVER OF PREPAYMENT OF APPELLATE COSTS

I, Jeremy Spencer, being first duly sworn, state under oath and based upon my personal knowledge as follows:

1. I am the Plaintiff-Appellant in the above-captioned appeal. I submit this affidavit to provide current financial information in support of my in forma pauperis status and any request that I be permitted to proceed without prepayment of appellate fees or costs to the extent applicable under 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24.

2. I am currently employed with limited income. I work in agriculture, and my income greatly fluctuates from week to week and is unpredictable. My present monthly income is approximately **$600 to $800 F.R.N.**. This is an estimate, not a guaranteed monthly wage.

3. My present employment is unstable, and I may soon become unemployed due to circumstances beyond my control. Because my agricultural income is variable and my continued employment is uncertain, I cannot reliably predict that even the estimated monthly income stated above will continue.

4. I have **two (2) dependents** who rely upon me for life-sustaining support, including basic necessities such as food, water, shelter, transportation, and other essential needs.

5. I do not own any significant assets, property, savings, or other financial resources that would enable me to pay appellate costs without sacrificing basic life necessities.

6. I have approximately **$100,000 in outstanding student-loan debt**. This is a substantial liability and materially limits my financial stability and ability to absorb additional costs.

7. My necessary recurring expenses include a telephone bill of approximately **$35 per month**. I also need a replacement telephone so that I can continue to use a functioning phone for my present work and, if my present employment ends, to communicate with prospective employers and obtain new employment.

8. **GAS / TRANSPORTATION:** I must purchase gasoline for transportation connected with work and ordinary life needs. Gasoline is currently approximately **$5.00 per gallon** for me, and transportation costs consume a meaningful portion of my limited and fluctuating income.

9. My remaining income must be used for basic life-sustaining needs, including food, water, shelter, transportation, communication, and support of my two dependents. These expenses vary, and I do not have surplus income available to absorb substantial appellate costs.

10. The following arithmetic shows my estimated annual income based upon the present monthly range: **$600 F.R.N. x 12 months = an estimated $7,200 F.R.N. per year**; and **$800 F.R.N. x 12 months = an estimated $9,600 F.R.N. per year**. My estimated annual income is therefore approximately **$7,200 to $9,600 F.R.N.**, assuming the present employment continues for all twelve months.

11. For objective comparison, the United States Department of Health and Human Services' 2026 Poverty Guidelines for the 48 contiguous States and the District of Columbia, which include both Kentucky and Ohio, set the annual guideline at **$15,960 for a one-person**

**household** and **$27,320 for a three-person family/household**. See Annual Update of the HHS Poverty Guidelines, 91 Fed. Reg. 1797-98 (Jan. 15, 2026).

12. Even if I were compared only to the one-person guideline, my estimated annual income of $7,200 to $9,600 would remain approximately **$8,760 to $6,360 below** the $15,960 guideline. If my two dependents are counted with me as a three-person family/household for comparison, my estimated annual income would be approximately **$20,120 to $17,720 below** the $27,320 guideline.

13. Stated another way, my estimated annual income of $7,200 to $9,600 is only approximately **26.4% to 35.1%** of the 2026 HHS guideline for a three-person family/household. I use this federal guideline only as an objective financial comparison and not as a contention that it independently determines in forma pauperis status.

14. LEGAL STANDARD - IN FORMA PAUPERIS: The federal statutory authority for proceeding in forma pauperis is 28 U.S.C. § 1915(a)(1), which authorizes a federal court to permit an action or appeal to proceed without prepayment of fees or security when the applicant submits an affidavit showing that he is unable to pay such fees or give security therefor. Federal Rule of Appellate Procedure 24(a)(1)(A) likewise requires an affidavit showing, in the detail prescribed by Form 4, the party's inability to pay or give security for fees and costs.

15. LEGAL STANDARD - INDIGENCY AND DESTITUTION: Section 1915 does not create a separate procedural status of "destitute" or separately define "indigent." In this context, indigency describes the financial inability that may justify in forma pauperis status. The Supreme Court has held that a litigant need not be "absolutely destitute" to qualify; an affidavit is sufficient when, because of poverty, the applicant cannot pay or give security for costs and still provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). The Sixth Circuit similarly asks whether court

costs can be paid without undue hardship. Foster v. Cuyahoga Dep't of Health & Human Servs., 21 F. App'x 239, 240 (6th Cir. 2001). I therefore use "destitute" as a factual description of the severity of my present financial condition, not as a separate statutory status or legal test.

16. Based upon the facts stated above, I believe my present financial condition has reached, or is on the verge of reaching, destitution rather than merely ordinary financial hardship. My income is extremely limited, fluctuating, and unstable; I have no meaningful liquid resources or financial reserve; I do not have a house or independent shelter of my own; and I struggle to maintain transportation necessary for employment and ordinary life needs. These conditions exist before the imposition of appellate fees or costs. Because my available income is already required for basic necessities for myself and my two dependents, requiring substantial prepayment of appellate costs would necessarily divert resources from those necessities.

17. I respectfully request that the Court permit me to proceed in forma pauperis and without prepayment of appellate costs to the fullest extent permitted by law.

I declare that the foregoing information is true and correct to the best of my knowledge and belief.

Regards,

Jeremy Spencer
Beneficiary, without prejudice or recourse
c/o [1891 Grovepointe Dr.]
[Florence, KY 41042]
Spencerj2121@yahoo.com
Date: 9/28/2026

**NOTARY JURAT**

State/Commonwealth of Kentucky

County of Boone

Sworn to and subscribed before me by Jeremy Spencer on this 28 day of September, 2026.

Claudia Elizabeth Garcia Benito

Notary Public

My Commission Expires: 04/06/2030

CLAUDIA ELIZABETH GARCIA BENITO
Notary Public
Commonwealth of Kentucky
Commission Number KYNP112884
My Commission Expires Apr 6, 2030

## CERTIFICATE OF SERVICE

I certify that on 9/28, 2026, I served a true and correct copy of the foregoing Affidavit of Indigency and Financial Hardship upon counsel for Defendant-Appellee Jacob Ganshirt by electronic mail and/or any other method required by the Court:

Jeffrey C. Mando, Esq. - jmando@adamsattorneys.com
Casmir M. Thornberry, Esq. - cthornberry@adamsattorneys.com
ADAMS LAW, PLLC
40 West Pike Street
Covington, KY 41011